## CAMILLA E. CROSSMAN *vs.* ALONZO BRADLEY.

| 53  125|
| 75h 392|

In an action to recover damages for an assault upon the plaintiff with intent to commit a rape upon her, the proof to sustain the action must be of the same nature and degree as if the defendant were on trial upon an indictment for an attempt to commit a rape, and the case should be tried upon the same priciples. *Per* E. D. SMITH, J.

In such an action, any evidence to repel the allegation of *force*—to show consent, or that no violence was done or designed to the will of the plaintiff—is necessarily admissible, as tending to disprove the very body of the crime.

Every species of evidence showing previous lascivious conduct on the part of the plaintiff, in the presence of the defendant, or in her intercourse with him, designed or adapted to incite or invite him to take liberties with her person, or induce him to believe that such advances on his part would not be unacceptable to her, are clearly admissible, in such an action. JOHNSON, J. dissented.

Evidence of facts tending to prove either that the plaintiff was seeking to induce the defendant to have sexual intercourse with her, or was seeking to entrap him into difficulties arising from an action for an assault, is admissible, within the above rule, as tending to show *consent* on the part of the plaintiff, and that no undesired force or violence was used or attempted upon her person.

But the evidence of particular acts of immodesty on the part of the plaintiff should be limited to those committed with, or in the presence of, the defendant.

THIS is a *civil action* for an assault and battery, alleged in the complaint to have been committed by the defendant upon the plaintiff, with the intent "against her will, to have carnal connection with her, the plaintiff, and by force and violence against her will, to ravish her;" these latter allegations being obviously made with the view of enhancing the amount of damages to be recovered, if any recovery should be had. The answer merely denies the allegations of the complaint.

On the trial, at the circuit, the defendant offered to prove:

1st. That the plaintiff on previous and divers occasions, after coming to the house, had conducted herself lasciviously towards the defendant, and to show particular indecent acts.

2. That three or four days after Mrs. Crossman came

Crossman *v.* Bradley.

to the house, one Vincent came there, and staid over night, and that during the evening the plaintiff took indecent liberties with him, and he with her, in the presence of the defendant and others.

3d. That among other things, she sat down facing Vincent, putting her elbow on his knee, and handled and fondled him indecently.

To which testimony, and to each proposition as evidence the plaintiff objected. The court sustained the objection as to each of said propositions severally. To which rul-·ings the defendant excepted.

The defendant offered to prove separately and as separate propositions :

1st. That Vincent staid in the house over night on that occasion, and slept up stairs, and when he was ready to go to bed, Bradley took a light to show him to his room ; that the plaintiff took the light out of his hand, and went up to Vincent's room herself with him, and there remained until the circumstance attracted the notice of the family.

2d. That Bradley having himself gone to bed, got up and went to Vincent's room, and called the plaintiff out and spoke to her about the impropriety of her conduct, saying to her in substance that it was scandalous, and that his family were shocked at it.

3d. That he then went down stairs and again went to bed, and that the plaintiff soon followed and came into his room, and first sat down on the side of his bed, and then lay down by the side of him, and then made indelicate and indecent remarks and demonstrations.

4th. That she afterwards returned to Vincent's room, and there remained the balance of the night.

5th. That from time to time, after she came to the house, she made unchaste approaches and demonstrations to the defendant.

6th. That when the defendant was about to pass through

the doors of the house it was her habit to meet him in the doorway and rub and push against him.

7th. That she would go down cellar at various times, and call the defendant down after her, and then act unchastely.

8th. That she would go to her own room and call him in after her, and then act unchastely.

9th. That she often, while there, indecently handled the person of the defendant and exposed her own.

10th. That while there, and on a day previous to the last, she directly proposed to the defendant to become his mistress.

To which testimony and each and every item thereof, both separately and collectively, the plaintiff's counsel objected and the court sustained the objection, excluding such testimony and each and every item thereof, separately, to which ruling, and each of them separately, the defendant's counsel then and there duly excepted.

The defendant's counsel again asked that the said testimony might be admitted as affecting the question of damages, to which the plaintiff's counsel objected, and the court excluded the same; to which the defendant's counsel excepted.

The defendant's counsel again asked that the said testimony might be admitted as circumstantial evidence affecting the question of probable guilt of the defendant. To which the plaintiff's counsel objected, and the court sustained the objection, to which ruling the defendant's counsel excepted.

The said testimony was also offered as affecting the relative credibility of parties, and also for showing the intent of the parties, but was also excluded and exception taken as above.

The plaintiff obtained a verdict of $500 on the trial at the circuit, upon which an order was made that the exceptions taken at the trial, in regard to the admission and

rejection of evidence, and as to certain points of the charge to the jury, be heard in the first intance, at the general term.

*Newton & Ripsom,* for the plaintiff. I. The assault and battery proved by the plaintiff was upon a single accasion; the afternoon of the day upon which the plaintiff left the defendant's house. The proof of the plaintiff was *strictly confined to this one time.* The defendant was allowed at great length and in great detail, and without restriction, to prove what occurred on·the occasion of the assault and battery. The defendant then offered to prove in a great variety of ways immodest acts of the plaintiff on different days prior to the day when the assault and battery took place. This offered testimony being excluded the defendant excepted.

II. The court was right in the rulings upon these questions. 1st. What had occurred on a prior day or occasion is no excuse or justification of an assault and battery. (*Corning* v. *Corning,* 2 *Seld.* 100–104. *Lee* v. *Woolsey,* 19 *John.* 319. *Willis* v. *Forrest,* 2 *Duer,* 310.) 2d. It would afford no ground for mitigation of damages and cannot be given in evidence for that purpose. (*Id.*) 3d. What the plaintiff did days or weeks before, could not show, or tend to show that the defendant did or did not commit the assault and battery on the occasion proved. 4th. It is not a question of intent that the jury were to decide, but simply whether the defendant committed the assault and battery, and as connected with his acts, whether the plaintiff, *on this occasion,* invited or consented to his acts. It was not even competent for the purpose of showing intent, even if that were material. 5th. It was not competent to show particular acts to effect the credibility of the plaintiff. (*Corning* v. *Corning,* 2 *Seld.* 104.) 6th. Though such questions have been allowed in cases where the character of the plaintiff is involved in the nature of the

Crossman *v.* Bradley.

action, they have never been allowed in simple actions of assault and battery.

*H. R. Selden,* for the defendant. I. The right of the plaintiff to recover at all in this case depended upon the question whether the acts of the defendant, disclosed on the trial, were invited, or at least assented to, on the part of the plaintiff. If they were invited or assented to, there was no right of recovery. *Volenti non fit injuria.* (*Broom's Legal Maxims,* 127.) This position was very correctly and clearly presented to the jury by the charge in this case. The verdict of the jury is therefore conclusive upon the question, if no error was committed in the admission or rejection of evidence.

II. We insist that several, if not all of the facts offered to be proved in the propositions numbered one to ten, were admissible as evidence upon the question of legal guilt or innocence of the defendant, and should have been received. 1. The complaint and the testimony clearly show that there was no assault committed by the defendant upon the plaintiff, except in the attempt to have sexual intercourse with her, and such as was the natural, indeed inevitable, consequence of that attempt. 2. If the plaintiff sought and invited such intercourse, then whatever moral dereliction there may have been in the conduct of the plaintiff, there was no legal wrong done to her of which she can complain in a court of justice. 3. It will not probably be denied that if the plaintiff had *expressly* invited that intercourse, and the defendant had at the moment of the invitation, afterwards, and in pursuance of it, done what he did, it would have been competent for him to prove such invitation in his defense. 4. If the act of the defendant followed immediately upon the invitation, very clearly the invitation would be not only admissible, but a complete defense. So if the invitation expressly, or by implication, pointed to a

future time, it would be admissible as evidence that the act of the defendant was in compliance with it. The evidence of the invitation, therefore, would be admissible, though the act might be in the future, and it would be for the jury to say, in view of all the circumstances, whether the act was in pursuance of the invitation or not. In other words, whether it was an invitation limited to the present occasion, or an invitation with a *continuando*. 5. There is no fact in either criminal or civil trials, not requiring other than oral proof, which may not be established by circumstantial, as well as by direct evidence. (1 *Greenleaf on Ev.* § 13. 1 *Phil. on Ev. C. & H. ed.* 155, 156. 1 *C. & H. Notes, p. 289, note 298.*) Mr. Phillips says, (*p. 156,*) "A presumption is a probable inference which our common sense draws from circumstances usually occurring in such cases. The slightest presumption is of the nature of probability; and there are almost infinite shades, from the lightest probability to the highest moral certainty. If the circumstantial evidence be such as may afford a fair and reasonable presumption of the facts to be tried, *it is to be received and left to the consideration of the jury,* to whom alone it belongs to determine upon the precise force and effect of the circumstances proved, and whether they are sufficienly satisfactory and convincing to warrant them in finding the fact in issue." Upon this principle, we insist that the facts offered to be proved should have been submitted to the jury, and if proved as offered, we think the jury would not only have been justified in finding the fact of the invitation upon which the defendant relied, but that they could not well have found otherwise. 6. We find no adjudications directly upon this question. For authority, therefore, we must depend upon analogies. The question presented to the jury was one of *intention* on the part of the plaintiff. Did she intend by her conduct to invite the very acts on the part of the defendant which she now com-

Crossman *v.* Bradley.

plains of as an assault?' That was the question for the jury. If she did so intend, then according to the maxim above quoted, she has nothing to complain of. We can hardly conceive of a case presenting more conclusive circumstantial evidence, of that invitation, than the facts offered to be proved. But it is not necessary for us to maintain *here* that the facts offered to be proved would have been sufficient to maintain the issue on our part; if they had a *tendency* to maintain it, and were in their character competent, it was erroneous to reject them. " The question is not whether the evidence be of more or less *persuasive* force, it is one of *competency ;* in other words, whether it be of any force at all." (*The People* v. *Abbot,* 19 *Wend.* 196.) Upon the question of *intention* as to any particular act, wherever that question arises, in civil or criminal cases, previous acts and declarations of the party whose intention is to be arrived at, are always admissible. Mr. Phillips says: "It may frequently be proper, and in some cases·absolutely necessary, to look beyond the transaction which is the immediate subject of inquiry, *into previous transactions,* for the purpose of discovering the knowledge of the parties, their motives or intentions." (1 *Phil. Ev. C. & H.* ed. 172.) The cases are innumerable to which this rule applies; (*See* 1. *C. & H. Notes, p.* 452, *note* 333 ; *Id. p.* 465, *note* 352; *Carey* v. *Hotailing,* 1 *Hill,* 311, 316,) and the present case appears to us directly within the rule. " Since intention consists in the internal and invisible determination of the mind, its existence must usually be matter of inference, and presumption from external and visible acts and conduct, which serve to indicate more or less forcibly the particular intention. The force of the inference results from the consideration that the intention of a rational agent, corresponds with the means which he employs, and that he *intends that consequence to which his conduct naturally and immediately tends."* (2 *Starkie on Ev.* 739, *and note k.* 1 *id.* 491, 492.) 7. The rule which applies in criminal trials,

on indictments for rape, or for assault with intent to commit that offense, applies also in this case, so far, at least, as relates to the prior conduct of the plaintiff *towards this defendant.* (*The People* v. *Abbot,* 19 *Wend.* 192.) In the criminal cases, evidence of previous intercourse between the prosecutrix and the prisoner is competent, not to excuse the prisoner if guilty of the force alleged, but because such evidence *renders the assent of the prosecutrix probable,* although she testifies to the contrary. So here, the evidence offered of the lascivious conduct of the plaintiff towards the defendant, was such as to render her assent probable, notwithstanding her testimony to the contrary.

Its strength might have satisfied the jury of the fact of her assent; it was therefore competent, and its force was a question for them. 8. It was not necessary for the defendant, in order to make his defense complete, to satisfy the jury that the plaintiff intended to allow the defendant to have sexual intercourse with her. If she designed by her conduct to make him believe that such was her intention, and thus to induce him to make the attempt, and he went no further than she designed he should go, then she is herself responsible for the consequences of her conduct. She has simply *accomplished her obvious purpose,* and the maxim "*volenti non fit injuria*" applies. The evidence offered would certainly tend to prove this; whether it would have proved it or not was a question for the jury.

III. If the evidence as to the plaintiff's immodest behavior, which was rejected, was competent for no other purpose, it was competent in reduction of damages. The plaintiff has alleged the intent to ravish, and attempted to sustain the allegation by proof, with the design of enhancing the damages. It was competent for the defendant to *disprove this allegation if he could.* It is not easy to prove a negative in any case, but it is *possible* to prove it, sometimes by circumstances, and the party who attempts to do so, is entitled to avail himself of all the circumstances that

Crossman *v*. Bradley.

have any tendency, however remote, to maintain his side of the issue.   Now we insist that the same evidence which would be admissible as tending to disprove the criminal intent, on the trial of an indictment for the same offense, is admissible to disprove the intent charged as matter of aggravation here.   That such evidence is competent in the criminal case, has never been disputed.   (1 *Roscoe Cr. Ev. 5th Am. from 3d London ed.* 863.   *The People* v. *Abbot,* 19 *Wend.* 192.   2 *East's P. C.* 444.)   In an action by a husband for criminal conversation with his wife, a similar rule prevails.   "If a woman be suffered to live as a prostitute, with the privity of the husband, and a criminal intercourse with a third party ensue, an action is not maintainable, *it being a damage without an injury.*"   "If the husband be himself privy to the criminal intercourse, he cannot maintain this action as *volenti non fit injuria;* and likewise because damages are not recoverable in a court of justice, *grounded on the plaintiff's turpitude.*"   (1 *Stephens, N. P.* 9. *Id.* 27.   2 *Starkie on Ev.* 443, 444.   *Buller's N. P.* 27.) And if he were living in adultery with another woman, proof of that fact is competent in reduction of damages. (*Smith* v. *Masten,* 15 *Wend.* 270, *and authorities above cited.*) For the like reasons, if a father connive at illicit intercourse with his daughter, he cannot maintain an action for her seduction.   (*Seagar* v. *Sligerland,* 2 *Caines,* 219.)   Can it be, then, that a woman who invites a man to illicit intercourse, (for the evidence offered certainly tended to prove that,) can recover not only damages of the party invited, for attempting to comply with the invitation, but is entitled to the same measure of damages as if the assault had been made upon her, without misconduct on her part? Unless this question can be answered in the affirmative, the verdict in this action cannot be sustained.

IV. The question of the morality of the defendant's conduct is not involved in this case.   If it were so, assuming the facts offered to be proved, as true, (which is the

aspect in which the case is to be considered here, (4 *Denic,* 396,) the most gross immorality is not on the side of the defendant. Artifice is not confined to the male sex; and if the facts offered to be proved are true, there is good reason to believe that this action is the result of a scheme on the part of the plaintiff to entice the defendant into a position where she could levy black mail upon him.

⎱ E. DARWIN SMITH, J. The basis of this action, as the cause of it is stated in the complaint, is " that the defendant assaulted the plaintiff and attempted, against her will, to have carnal connection with her, and by force and violence, and against her will to ravish her." This in substance and effect is an allegation that the defendant attempted to commit the crime of rape upon the plaintiff, and for this cause, insult and indignity the suit is brought.

The proof to sustain the action obviously must be of the same nature and degree as if the defendant was on trial upon an indictment for an attempt to commit a rape, and the case at the circuit should be tried upon the same principles. If the defendant had been on trial for such offense, on the criminal side of the court, he would have been entitled to impeach the general character of the prosecutrix for chastity and truth by general testimony. (1 *East C. L.* 444. *Roscoe Crim. Ev.* 95, 862.) As with the crime of rape, the gravamen of the offense consists in the *force* used to accomplish the criminal purpose, so it is in the civil action. Any evidence, therefore, to repel the allegation of *force,* to show consent, or that no violence was done or designed to the will of the prosecutrix would be necessarily admissible, as tending to disprove the very body of the crime.

To this end evidence might be given that the prosecutrix had previously had voluntary sexual intercourse with the defendant. (*Rex* v. *Martin,* 6 *Carr. & Payne,* 544. *The People* v. *Jackson,* 3 *Parker,* 398. *Same* v. *Abbot,* 19 *Wend.*

192. *Rex* v. *Aspinwall*, 2 *Starkie's Ev.* 700.) The principle upon which such evidence is admissible, is that it is much more improbable, as Judge Cowen says in Abbot's case, "that a common prostitute or the prisoner's concubine would withhold her assent than one less depraved." Such facts are proper for the consideration of the jury on the ground that they furnish evidence of consent, or evidence from which they may imply consent. Within the same principle every species of evidence showing previous lascivious conduct on the part of the plaintiff in this action in the presence of the defendant, or in her intercourse with him, designed or adapted to incite or invite him to take liberties with her person, or to induce him to believe that such advances on his part would not be unacceptable to her, it seems to me, are clearly admissible.

The defendant offered to prove that every advance that was made between them of a lascivious or licentious character was made by the plaintiff. The evidence was objected to and excluded, and the defendant excepted. This offer is stated in general terms, but the objection was not put upon that ground, and the evidence was obviously not excluded because the defendant did not propose to prove particular acts of immodest conduct, but because such evidence was not considered admissible in principle; for the defendant's counsel subsequently made his offers more specific. He made thirteen different offers of evidence tending to the same end—to show lascivious conduct on the part of the plaintiff, and most of them to acts to or with the defendant, or in his presence. Of these thirteen offers or propositions, at least eight of them are to prove the lewd and lascivious conduct of the plaintiff with the defendant, or in his presence.

All of this class of evidence, I think, was admissible within the rule above stated. The facts stated in these offers all tended to prove either that the plaintiff was seeking to induce the defendant to have sexual intercourse

with her, or was seeking to entrap him into difficulties such as the commencement and pendency of this suit involves. Upon that assumption, if the latter were her purpose, it is none the less fatal to the action than the former. It takes away the idea that force was necessary, or designed or attempted, to have such intercourse. A woman who leads a man into a trap, or uses meretricious arts with such a design, cannot pretend that there was an attempt to ravish her, or that he attempted such ends by force and against her will and utmost resistance. The offense and the cause of action consists in the attempt to accomplish the end implied by *force*. It is absurd to impute such design when the conduct of the woman repels all idea of the occasion or necessity for the use of force. The evidence excluded, I think, was admissible as tending to show consent on the part of the plaintiff, and that no undesired force or violence was used or attempted upon her person, and in this view was a complete defense to the cause of action.

The other exceptions, for the exclusion of evidence tending to show improper conduct between the plaintiff and other persons, stand upon different grounds.

According to the case of *The People* v. *Abbot*, (*ubi sup.*) these exceptions are well taken; but the case of *The People* v. *Jackson*, (3 *Parker*, 398,) holds otherwise; which latter case, I think, is generally considered as overruling the case of *Abbot* on this point, and I think asserts the true rule. The evidence of particular acts of immodesty on the part of the plaintiff or prosecutrix in this class of cases should be limited, I think, to those committed with, or in presence of the defendant, upon the principles above stated.

The motion, I think, should be granted, with costs to abide the event.

J. C. SMITH, J. concurred.

JOHNSON, J. (dissenting.) The action was for an alleged assault and battery. The answer was a general denial. The acts proved were sufficient to constitute an assault and battery, if done without the consent of the plaintiff, and against her will. The defense was that the plaintiff consented to whatever force was used, and invited it by words, acts and conduct, generally. The defendant was a witness in his own behalf, and testified as fully as he desired to in regard to all that took place between them, on the occasion of the alleged assault. The plaintiff was also fully cross-examined by the defendant's counsel, as to what was said and done between them, on the occasion referred to, and also in regard to her relations with other men, and her conduct towards them. The defendant then offered to show, by his own testimony, as independent evidence, that the plaintiff while in his house, on other occasions previous to the day in question, had made various lascivious approaches to him, and been guilty of various acts of a lewd and immodest character, with him, and towards him; and also her conduct with one Vincent, at the defendant's house, at night, on some previous occasion. The evidence was offered on three grounds : 1, in mitigation of damages; 2, as affecting the question in issue, whether the defendant had assaulted the plaintiff; and, 3, as affecting the credibility of each party. The evidence was objected to, and excluded, and the defendant's counsel excepted. The action was tried upon the theory, and the jury were so charged, that if the plaintiff invited the acts complained of and assented to them, and the defendant went no farther than she was willing he should go, and desisted as soon as she objected to his going any farther, the action could not be maintained. Let us see now whether the evidence offered was competent for either of the purposes for which it was offered. 1. It was not competent to mitigate damages. This was distinctly held in *Corning* v. *Corning*, (2 *Seld.* 97.) Jewett, J. who delivered

the opinion of the court, says, at page 104 of the case : " The damages could not be mitigated by evidence that she was dissolute in her conduct. She was entitled to the same measure of damages as she would have been if she had sustained a good character for virtue." One of the judges only, (Foot,) dissented on the ground that the evidence of the character and conduct of the plaintiff were admissible in mitigation of damages. The evidence offered in that case, was of the same character as that offered here, and for the purpose of mitigating damages. So, too, in *Lee* v. *Woolsey*, (19 *John.* 319,) it was held that insults and slanders, on a previous occasion, could not be given in evidence in mitigation of damages, nor as explanatory of the transaction. If the passion has had time to cool, and there has been time for reflection, the previous conduct cannot be given in evidence for any purpose.

2. Was the evidence competent by way of tending to show that the defendant had been innocent on the occasion of the alleged assault, and had not committed it? Most clearly not. This is a civil and not a criminal action, and the rule of evidence is the same precisely for either party. The evidence had no legitimate tendency to show that the plaintiff invited or encouraged the defendant's acts, on the day in question. She might have invited or encouraged similar acts on other days, and the evidence offered might have proved that fact, but it could raise no legitimate inference that the acts were either invited or encouraged on the day and occasion in question. Suppose, in an action of this character between two men, the defense should be that the assault complained of was in an encounter, in which the plaintiff had challenged the defendant to fight with him, and they had mutually agreed to fight. That, if true, would be a good defense, in the absence of excessive violence. But, suppose further, that the defendant should offer to prove such challenge and agreement, on the occasion in question, by showing that

Crossman *v.* Bradley.

the plaintiff had done so on a previous occasion. The evidence would be palpably incompetent; and the same rule must apply here. In each case the fact to be made out is the invitation and consent, and it is perfectly immaterial whether the encounter in regard to which the assent is sought to be established, is of an amatory or a pugnacious character. The consent in the one case must be established by evidence of the same character that would be necessary to establish it in the other. There cannot be one rule where two males are parties, and another where a female is a party against a male. Or take this case upon the other side. Suppose the plaintiff, by way of proving that the defendant had assaulted her on the occasion in question, had offered to prove that he had laid hands upon her on some previous occasion, without her consent and against her will; I think no one will pretend that such evidence would have been competent, by way of establishing the fact, if objected to. Or, still further, suppose the offer had been to show that the defendant had, on other occasions, assaulted other females in the same way, as evidence bearing upon the issue. These illustrations must show, I think, that the evidence was wholly inadmissible upon the issue. The same rule must be " sauce " for the male as well as the female, when they are before the court as parties. There is no rule of evidence by which a fact in issue can be proved, by proving that a similar fact existed on another and different occasion. Such a rule has no place in the common law.

3. Was the evidence proper by way of affecting the credibility of the plaintiff injuriously, or of sustaining that of the defendant? This question is settled against the defendant in *Corning* v. *Corning,* (*supra.*) Particular instances, or a particular course of conduct, are alike incompetent by way of impeachment. We are referred to the rule in criminal cases, where the guilty intent, is an essential element in making out the offense. It is held, and

the rule seems to be firmly established, that in indictments for rape, and for an assault with intent to commit a rape, the prosecutrix may be examined as to previous voluntary sexual connection between her and the prisoner, and also that independent evidence may be given of such previous connection, and also that the prosecutrix is a common prostitute. (*The People* v. *Abbot*, 19 *Wend.* 192.) I do not propose to question the rule in a criminal case, or to criticise at any length its soundness. But suppose the same evidence should be offered against the accused, that he was in the habit of assaulting other females with intent to ravish, for the purpose not only of proving the assault, but the criminal intent. All *men* would see its injustice at once and exclaim against it. But this rule has never yet been applied in a civil action for an assault, where the intent is in no respect in issue, and I trust never will be so applied. There is no reason for making such an exception to the general rules of evidence in a civil case merely because a female happens to be a party, and a prejudice whether just or unjust, is sought to be raised, and arrayed against her. The law has no prejudices, and does not yield to vulgar clamor. Whatever may be the character of a female in regard to chastity, she has still rights which men should be compelled to respect. They are not beyond the pale of the law, and do not become the lawful prey of a licentious man, even if they are prostitutes. If in a civil action between a male and female, the licentious life, or particular instances of licentious conduct, may be given in evidence against the female upon any issue in the action, we should allow the same kind of evidence against the male, for the same purpose, or else we poise the scales of justice with unequal and dishonest weights, and mete out justice in partial and unfair measures. Morality, however desirable and praiseworthy, can never be advanced, or upheld, by a perversion of the rules of law for that purpose. Much less

Crossman *v.* Bradley.

should we permit it to be assumed, without proof, that any party to an action in court is a person of immoral character.

It is claimed that the evidence was erroneously excluded for the reason that the plaintiff, in her complaint, alleged that the assault and battery complained of was committed with the intent on the part of the plaintiff to ravish. But this is no reason, whatever, for its admission. The intent was not the gravamen of the action in any sense or degree. It was no part of the issue to be tried. It was a mere civil action, and the cause of it did not rest in the intent of the plaintiff at all, as will be seen upon a moment's careful and candid consideration. The very act of battery implies an unlawful intent, and it is not the subject of proof. It is quite immaterial, so far as the cause of action is concerned, what the particular intent was, if the act was not justifiable. In this respect it is like an action for a false and fraudulent warranty upon a sale of property. The action being upon the contract, the scienter alleged, is of no importance, and need not be proved; nor is it, indeed, the proper subject of controversy by way of evidence upon the trial. (*Ross* v. *Mather*, 47 *Barb.* 582.) It seems to me very clear that the rule contended for cannot stand and prevail, upon any such distinction. The distinction is a seeming and not a real one, as time and more careful attention will, I think, clearly show. I am of the opinion, therefore, that the evidence was properly excluded, and that a new trial should be denied.

New trial granted.

[Monroe General Term, September 7, 1868. *E. D. Smith, Johnson* and *J. C. Smith*, Justices.]