———o———

HENRY S. McKERN, Respondent, *vs.* JOHN W. CALVERT, Appellant.

1. *Witness—Cross-examination—Impeachment.*—The general rule is that on cross-examination, to try the credit of a witness, only general questions can be put, and the witness cannot be asked as to any collateral fact merely with a view to contradiction by subsequently called witnesses.

2. *Seduction—Proof of subsequent unchaste conduct.*—In suit for seduction, proof of criminal connection, of the woman seduced, with persons other than defendant, subsequent to the seduction, and, also, proof touching the general character of defendant, is properly excluded.

*Appeal from Mercer Circuit Court.*

*H. G. Orton*, for Appellant.

*H. J. Alley, with S. H. Perryman*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This is an action for seduction of the plaintiff's daughter.

The verdict of the jury for the plaintiff was reduced by a remittitur to $500. The instructions, given on the trial, are correct; but some points are made in regard to the evidence which perhaps deserve notice.

On the cross-examination of the plaintiff's daughter, she was asked in regard to a statement made by her at Middlebury before the Lodge, which she referred to in her examination-in-chief; whether she had not, in such statement, in the presence of certain persons named, declared that she had had

no intercourse with any other man except the defendant. This question was excluded by the court, and we think properly. There was no inconsistency between the alleged statement at Middlebury, and the testimony of witness on the trial. The object of the question seems to have been to elicit from the witness, in an indirect way, a statement that she had never had intercourse with any person but the defendant, with a view to contradict it by proof that she did have such intercourse. But the question was not put to witness; nor could such a question have been allowed in that form, without restriction as to time. The mere fact of intercourse with other men, was a fact collateral to the main issue in the case. Its proof would not disprove seduction by the plaintiff nor tend to disprove it; nor even tend to a mitigation of the damages, unless such intercourse preceded the seduction. This is the first step on the road to ruin; and that it is followed by rapid advances in the same direction, is only an aggravation of the crime of the seducer.

The general rule is, that on cross-examination to try the credit of a witness, only general questions can be put, and the witness cannot be asked as to any collateral fact merely with a view to a contradiction by subsequently called witnesses. (1 Greenl. Ev., 455.)

A party may contradict the statements of a witness on the stand, by showing that inconsistent statements have been made elsewhere; but in this case it is not proposed to show any statement inconsistent with the one made on the stand, but an additional statement upon a point not directly involved in the issue, with a view to impeach the witness by the introduction of subsequent evidence. In other words, the statement of a witness, on a point, collateral to the issue, made before the trial and not under oath, and not inconsistent with the testimony given at the stand, is sought to be brought into the sworn testimony, that it may be contradicted. This would tend to endless investigations upon points entirely foreign to the issue.

The court properly excluded all evidence tending to show improper or unchaste conduct of the plaintiff's daughter after the alleged seduction.

And the court rightly excluded the evidence offered to show defendant's general character for chastity and virtue. His general character was not in issue.

And the court properly excluded the question whether the bad character of plaintiff's daughter was not entirely independent of any connexion with defendant. Evidence of bad character was offered and admitted; and there was testimony on the other side. As to the origin of such rumors, it would of course depend upon the mere opinion of the witness; and that was a matter upon which the jury could decide, from the facts in evidence.

The second instruction given for the plaintiff, which withdrew from the consideration of the jury the testimony of a witness concerning some familiarities between plaintiff's daughter and one Logan, at a gathering of young people, termed "a party," might have been omitted. There was nothing of importance in the evidence, but it might have been left to the jury to draw their own inferences.

Upon the whole, we think the case was fairly submitted, and the judgment on the verdict should stand. Judgment affirmed, the other judges concur.