# FOURTH DEPARTMENT,

AT

# GENERAL TERM.

## June, 1882.

27h 320
166a 437

## MARGARET GULERETTE, Respondent, v. HAYES McKINLEY, Appellant.

*Evidence — the attempt of a party to bribe a witness may be shown — A witness to general reputation cannot be asked what he has heard — nor to repeat stories he has heard — When specific acts of lewdness committed by the plaintiff may be shown in an action for an indecent assault — when such acts may be shown, even though they occurred after the assault.*

A party may always show that the opposite party has offered a witness a bribe to induce him to swear falsely.

Upon the trial of an action brought to recover damages for an assault with intent to ravish, the defendant called a witness who testified that according to the speech of people the reputation of the plaintiff was not good. Being asked upon cross-examination what persons he had heard speak about the plaintiff, he named her father as one. Upon his redirect-examination the court, upon the plaintiff's objecting, refused to allow the defendant's counsel to ask the witness what he had heard the plaintiff's father say.

*Held,* no error.

Another impeaching witness called by the defendant testified, on his cross-examination, that he had heard certain stories about the plaintiff.

*Held,* that the court properly refused to allow the defendant's counsel to ask what those stories were.

In an action by a female for an indecent assault, the injury to her feelings being an element of damages for which she is entitled to compensation, specific acts of lewdness on her part with men other than the defendant may be shown in mitigation of damages although not pleaded.

*It seems,* that such lewd acts may be shown, though they occurred after the assault, if they followed it so closely in point of time, as that they might properly be considered by the jury in determining the state of the plaintiff's "moral sensibilities" at the time of the assault and the extent to which they were likely to be injured by it.

APPEAL from a judgment, entered on a verdict in favor of the plaintiff, rendered at the Onondaga Circuit, and from an order denying a motion for a new trial made on the minutes of the justice before whom the action was tried.

*Lansing & Lyman,* for the appellant.

*Pratt, Brown & Garfield,* for the respondent.

SMITH, P. J.:

The complaint alleges an assault with intent to ravish, and the answer is a general denial. The plaintiff recovered a verdict for $1,500.

The appellant contends that the case made by the plaintiff is so improbable and contradictory that the verdict is clearly against the weight of evidence. We are of the opinion, on reading the whole case, that it contains evidence which sustains the finding of the jury, and that their verdict conclusively establishes the plaintiff's right to recover.

It is also contended on the part of the appellant that the court erred in allowing the plaintiff to prove that the defendant offered a witness a bribe to swear falsely against the plaintiff. The ruling was not erroneous. The testimony was competent. It has long been settled that where a witness denies on cross-examination that he has attempted to suborn a witness to swear falsely in the cause in favor of the party calling him, the adverse party may give evidence to contradict him in that respect. (*The Queen's case,* 2 Brod. & Bing., 301–310; S. C., 6 E. C. L. R., 156–160; *Morgan v. Frees,* 15 Barb., 352; 2 Phil. on Ev. [Cow. & Hill's Notes], 961.) This is upon the ground that acts done by the witness, touching the cause, which tend to discredit him are not collateral merely, in respect to which his answer is conclusive, but as they go to his credit they pertain to the issue. Phillips, in his Treatise on Evi-

dence, says that " where it appears that on one side there has been forgery or fraud in some material parts of the evidence, and they are discovered to be the contrivance of a party to the proceedings, it affords a presumption against the whole of the evidence on that side of the question and has the effect of gaining a more ready admission to the evidence of the other party." (1 Phil. on Ev., 627.) Subornation of perjury, or an attempt to suborn on the part of a party being an act of like character, raises the like presumption and may therefore be proved. (*Moriarty* v. *The Lond., Chat. and Dover R. W. Co.*, 5 L. R., Q. B., 314.) In the case of a witness not a party he must first be examined as to the fact in order to lay a foundation for contradicting him (*The Queen's case, supra*); but that is not necessary in the case of a party, his acts, like his oral admissions, touching the case, being evidence in chief against him.

The defendant called a witness who testified that according to the speech of people the reputation of the plaintiff was not good. The witness having been asked on cross-examination what persons he had heard speak about the plaintiff, named her father as one. On re-examination the defendant's counsel asked the witness what he had heard the plaintiff's father say about her. The plaintiff objected to the question; the court sustained the objection and the defendant excepted. The ruling was correct. After calling witnesses to general reputation it is not competent for the party calling them to ask what they heard said.

Another impeaching witness called by the defendant testified, on cross-examination, that he had heard certain stories about the plaintiff. The defendant's counsel then asked the witness what those stories were. The testimony was excluded properly. The appellant's counsel cites *Stape* v. *People* (85 N. Y., 390). That case differs materially from this. There the cross-examination of a witness called by the prisoner to sustain his general reputation disclosed that although the opinion of the witness as to the credibility of the prisoner was not affected by what was said about him in the neighborhood, yet that reports unfavorable to his character were in circulation there, and it was held by the Court of Appeals overruling the court below that the defense was entitled to show what those reports were, so that the jury might judge in what respect they affected his character, and whether they were of such a nature as to impair his

credibility as a witness. The statement of the point decided shows the distinction between the two cases.

The question is presented whether the defendant was entitled to show specific acts of lewdness on the part of the plaintiff with persons of the male sex other than the defendant. This is a vexed question. In *Rex* v. *Hodgson* (Russ. & Ry. Crim. Cases, 211) and *Rex* v. *Clarke* (2 Stark., 241) it was held that on the trial of an indictment for rape, evidence of the prosecutrix's connection with men other than the defendant cannot be given. Other authorities concurring with those cases, and others adverse to them, are cited in a note to the case of *The People* v. *Jackson* (3 Parker Cr. R., 391). Among the latter is *The People* v. *Abbot* (19 Wend., 192), in which COWEN, J., expressed himself adverse to the doctrine of *Rex* v. *Hodgson* and *Rex* v. *Clarke*. In *The People* v. *Jackson* (*supra*) Abbot's case was overruled, the court holding that the evidence is not competent. In *Bracy* v. *Kibbe* (31 Barb., 273) it was held by the General Term in the fifth district that in an action for the seduction of a daughter evidence of previous lascivious conduct on her part is admissible in mitigation of damages. In *Crossman* v. *Bradley* (53 Barb., 125) it was held by a divided court in the General Term in the seventh district that in an action for an assault with intent to ravish, evidence of previous lascivious conduct on the part of the plaintiff with the defendant, or in his presence, is admissible as tending to show *consent* on the part of the plaintiff, but that evidence tending to show improper conduct between the plaintiff and other persons than the defendant is not admissible. Judge E. D. SMITH who wrote the prevailing opinion said that the latter species of evidence was admissible according to the case of *The People* v. *Abbot*, but that the case of *The People* v. *Jackson* overrules the case of Abbot upon that point and presents the true rule. *Ford* v. *Jones* (62 Barb., 484) was an action for an indecent assault upon a woman, and evidence was given on the part of the plaintiff tending to show her mental suffering by reason of the shock to her moral sensibilities caused by the defendant's acts. It was held by the General Term in the third department that as the plaintiff's character for chastity was directly in issue upon the question of damages it was competent to disparage it by proving specific acts of lewdness and immorality on her part with persons other than the

defendant. The cases of *The People* v. *Abbot; Bracy* v. *Kibbe* and *Hogan* v. *Cregan* (6 Robt., 150) were cited with approval by POTTER, J., who wrote the opinion of the court, the last two of which cases he said must be deemed to have overruled *The People* v. *Jackson.* And he remarked, that under the seduction and abduction statutes proof of specific acts has always been admitted to show that the prosecutrix was not of "previously chaste character." The recent case of *Wandell* v. *Edwards* (25 Hun, 498) was an action for seducing and debauching the plaintiff's daughter. The trial court rejected evidence offered by the defendant to prove that before he had connection with the plaintiff's daughter she had had connection with another man. No claim was made to recover punitive damages, and the evidence was rejected for the reason that the facts had not been specially pleaded. This was held error by a divided court in the General Term, third department, on the ground that the facts sought to be proved tended to reduce the actual damages sustained by the plaintiff in grief and in injury to her feelings, and were admissible though not specially pleaded.

The weight of authority seems to be in favor of the proposition that in an action by a female for an indecent assault, the injury to her feelings being an element of damages, for which she is entitled to compensation, specific acts of lewdness on her part with men other than the defendant, may be shown in mitigation of damages, although not pleaded.

In the present case the complaint alleged that the "feelings" of the plaintiff "were badly injured" by the defendant, and evidence was given on the part of the plaintiff, from which the jury were authorized to find that such was the case. The defendant's offer was to prove specific acts of lewdness and immorality on the part of the plaintiff with divers persons prior to the commencement of the action. It is to be inferred from the testimony that the suit was commenced during the month next after that in which the assault was alleged to have been committed, and although the acts sought to be proved may not have preceded the assault, they followed it so closely, in point of time, as that they might properly be considered by the jury in determining the state of the plaintiff's "moral sensibilities" at the time of the assault, and the extent to which they were likely to be injured thereby. Besides, the proof

offered was not objected to on the ground that it was not confined to acts. occurring prior to the assault. It is apparent from the whole case that the offer was excluded on the ground that specific acts are not competent to be pruved whether occurring before or after the assault, and in that view of the nature of the ruling the question has been argued before us on both sides.

We are of the opinion that the offer was excluded erroneously, and that for that reason the judgment should be reversed and a new trial had.

HARDIN and HAIGHT, JJ., concurred.

Judgment and order reversed, and new trial granted, costs to abide event.