GERTRUDE DEAN, an Infant, by SAMUEL K. MUNGER, her Guardian ad litem, Respondent, v. MINERS RAPLEE, Appellant.

*Assault and ravishment — action for damages — proof required — delay in making disclosure — preponderance of evidence.*

*Semble*, that an action brought by a female to recover damages for an assault and ravishment, in which the ravishment is matter in aggravation of damages, may be maintained and a recovery had, upon proof of an assault and carnal connection committed without the plaintiff's consent and against her will throughout, without proof of all the elements requisite to support a charge of rape, as, *e. g.*, that the plaintiff resisted the consummation of the defendant's purpose to the extent of her ability.

The utmost resistance possible, which is otherwise required of a female to justify a charge of rape, may not be requisite to the offense if the female has not the possession of her mental or physical powers, or is terrified by threats serious in character, or is in such a place and position as to render resistance useless.

Submission on the part of a female is not necessarily consent, and certainly is not when attributable solely to overpowering force on the part of her assailant.

In considering the effect of delay on the part of a girl fifteen years of age in disclosing a rape claimed to have been committed upon her, the jury may take into consideration her youth and inexperience, and the restraint induced by the threats of her assailant.

A preponderance of evidence is sufficient to support an action brought to recover damages for an assault and ravishment.

APPEAL by the defendant, Miners Raplee, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Wyoming county on the 9th day of December, 1892, upon the verdict of a jury for $2,000, rendered at the Wyoming Circuit, and from an order entered in said clerk's office on the 5th day of July, 1893, denying the defendant's motion for a new trial.

The purpose of the action, as appears by the complaint, was to recover damages resulting from an alleged assault by the defendant upon the plaintiff and for his ravishment of her. It appears that in the spring of 1885 the plaintiff, then of the age of fourteen years, went to reside in the defendant's family, and there is evidence tending to prove that she did so by his solicitation and upon his promise to treat her as a member of his family, he then having a wife and no children. The plaintiff became fifteen years old in February, 1886. She testified that about the first of April of that year, when she was in the hay mow in the barn looking for eggs, as she was in the habit of doing, the defendant came there, put his arm around her and proceeded to throw her down; that she told him to stop; that he pushed her over and had connection with her; that she begged of him to let her go and not to do it, and that following it, he lifted her up, told her to stop crying, go to the house and keep still about it, and said to her that if she told it to any one it would be the worse for her; and that afterwards, on several occasions, under circumstances which she relates, he threw her down and had and attempted to have connection with her. And she testified she did not on any of the occasions consent to the intercourse, and that she tried to push him away and resisted him to the best of her ability. That she did not disclose the fact that these matters had transpired between the defendant and herself for a very considerable period of time. The defendant by his testimony denied having or attempting to have any

carnal connection with the plaintiff and contradicted all her testimony in that respect.

*I. Sam Johnson*, for the appellant.

*E. M. Bartlett*, for the respondent.

BRADLEY, J.:

It is not claimed that the plaintiff was subjected to any indignity until the spring of 1886. The fact that the plaintiff on none of the occasions to which she refers made any outcry, although some of the places to which she refers as those where the assaults were committed were so near the house that she might have been heard; also that she remained at the defendant's house so long after the alleged transactions occurred, and that she did not then inform her grandmother or aunts of the treatment she had received from the defendant, were circumstances bearing with some force against her credibility. But this was a question for the jury in view of all the evidence given, not only by the parties, but by the other witnesses, so far as it tended to bear in either direction upon it. The jury were permitted by the plaintiff's evidence to find that she did not consent to the connection, but that the defendant took hold of her, threw her down and accomplished his purpose against her will. This would seem to have been sufficient to support the denial of the defendant's motion to dismiss the complaint if no further reason for such ruling appeared by the evidence.

The action is for assault and battery by the defendant upon the plaintiff, and his defilement of her is matter in aggravation of damages. And while the charge of the assault could not be sustained if she consented to the connection, if she did not so consent the jury were authorized to find a verdict in favor of the plaintiff. (*People* v. *Bransby*, 32 N. Y. 525; *Regina* v. *Hallett*, 9 Carr. & Payne, 748.) In that view, irrespective of the question whether the facts which the evidence tended to prove constituted all the elements requisite to support the charge of rape, the plaintiff may have been entitled to recover. And no question was raised at the trial to the effect that in the event she had a verdict she was not entitled to recover any damages on account of the sexual intercourse had with her by the defendant. The cases cited by the defendant's counsel do not necessarily hold to the contrary of the proposition above stated.

The remark in that respect of the justice who delivered the prevailing opinion in *Crossman* v. *Bradley* (53 Barb. 125) was not necessary to the determination of the questions presented by the exceptions upon which the new trial was granted, nor does it appear by the case as reported what the facts were, other than such as gave force to the exceptions taken. In the brief digest of the decision in *Smith* v. *Fingar* (1 Alb. L. J. 101), it appears that the exception to a refusal to charge that if the plaintiff finally consented to the sexual intercourse, she could not recover damages resulting *therefrom*, was held well taken. This was as far as it was essential for the court to go for the purpose of the result of the review. In *Young* v. *Johnson* (46 Hun, 164) the charge of the trial court does not appear, but it is said by the defendant's counsel that the court was requested to and did charge that if the jury found that carnal connection was had they, to enable her to recover, must further find that it was had without her consent and against her utmost resistance, and that if she finally yielded her consent and ceased her resistance she could not recover. This was well enough. It was approved by the General Term, and the Court of Appeals affirmed the judgment without expressing any views upon that question. (123 N. Y. 226.) In such cases the evidence of resistance or of non-resistance has an important bearing upon the question whether or not the female consents to the conduct of the person charged with the act. In *People* v. *Bransby* (*supra*), Judge Porter said : "It is manifest that the testimony of the prosecutrix did not establish a case of rape, but did establish reluctance and some degree of resistance." And Judge Potter in the same case said : "The real and only question it will be seen is, did all this constitute an assault and battery ? It is clear that it did in the view taken by the jury, and yet the judge by implication left it to the jury in this proposition to find that all this would not be an assault and battery if she did not make all the resistance she could, unless the failure to make such extreme resistance was from fear or under the belief that further resistance would be useless. Such is not the law    *    *    *    if she did not invite or willingly consent to his presence and to his conduct (of which the case furnishes no evidence), he was guilty of an assault and battery." And he added that "The judge at the trial in his charge upon this proposition,

improperly introduced the law in relation to the resistance demanded of complainants in cases of rape, which had no application to a case of assault and battery." The indictment in that case was for assault and battery, and it appeared by the evidence that the alleged assault was for the purpose of having sexual intercourse with the prosecutrix which was accomplished. While Judge POTTER's opinion was not the prevailing opinion, it was one of concurrence in the result. And it is difficult to see that what is above quoted from it did not state the reasons for the result, as the conclusion reached by the court was, that as the verdict of the jury was intended to negative any assent on the part of the complainant to the act, the conviction was sustained. The present action is also one for alleged assault and battery, and if the defendant did commit an assault and battery upon the plaintiff by taking hold of her and throwing her down, and what he did was without her consent and against her will throughout, it does not seem that he can justify it by asserting that she did not resist, to the extent which she might have resisted, the consummation of his purpose. Although she might not in that case be entitled to recover damages arising from the matters alleged in aggravation of the assault, no reason necessarily appears why her action might not be maintained. But upon the assumption that it may be effectually urged on the part of the defendant that, unless he is chargeable for the consequences of the more aggravated act in his conduct, he is not liable for the less offensive or degrading act in his assault, there seems to have been sufficient in the facts which the evidence tended to prove to send the case to the jury. It is essential to constitute the charge of rape that the attempt, and its consummation throughout, be against the will of the female, and that she resist the attempt to ravish her to the extent of her ability at the time and under the circumstances. (*People* v. *Dohring*, 59 N. Y. 374.) The utmost resistance, which otherwise is required, may not be requisite to the offense if the female has not the possession of her mental or physical powers, or is terrified by threats serious in character, or is in such a place and position as to render resistance useless. The plaintiff was fourteen years of age when she went into the family of the defendant. The relation which it was supposed the

defendant assumed to her was in its nature parental. It would seem that she owed him obedience, and was subject to his direction and that of Mrs. Raplee. So far as appears such was the apparent relation the first year, and she was subjected to no indecent insult during that time. The occurrences in question commenced in the spring of 1886, when the plaintiff had arrived at the age of fifteen years. The defendant then sought her in a secluded place, and, as she says, suddenly threw her down against her protest and such resistance as she was, under the circumstances, able to make, and had connection with her. Nothing appears to indicate that she had any reason to apprehend such purpose or conduct on his part until he made the alleged assault. The fact that he was a man of mature age, assuming the relation which he did to her when she became a member of his household, and that she was a girl of such tender years, and the influence which he may have had upon her, are circumstances entitled to some consideration. The evidence tends to prove that she was a nervous, slender girl and that he was a strong, vigorous man, and, therefore, she might be helpless to successfully resist him in his purpose when he had her in his possession, with the controlling intent on his part to gratify his passion. While the utmost resistance on her part, and the greatest resistance which she, under the circumstances, could make, were required of the plaintiff to support the more aggravated charge against the defendant, submission was not necessarily consent. It certainly was not if it was attributable solely to overpowering force on his part. (*Regina* v. *Day*, 9 Carr. & Payne, 722; *People* v. *Clemons*, 37 Hun, 580.) And as was said by the court in *People* v. *Connor* (126 N. Y. 278): "When an assault is committed by the sudden and unexpected exercise of overpowering force upon a timid and inexperienced girl under circumstances indicating the power and will of the aggressor to effect his object, and an intention to use any means necessary to accomplish it, it would seem to present a case for a jury to say whether the fear naturally inspired by such circumstances had not taken away or impaired the ability of the assaulted party to make effectual resistance to the assault." The jury in the case at bar were permitted by the evidence to find a state of facts as strong in support of the charge against the defendant as those expressed in the opinion of Chief Judge RUGER, and they are not weakened by the fact that the duty of the

defendant, arising out of the relation he had assumed, was to care for the plaintiff and give her advice and protection. It would be more difficult to account for the failure of the plaintiff to disclose, soon after it was committed by him, this conduct of the defendant, consistently with the facts requisite to sustain the charge against him if the inference was not permitted that she was so subject to his influence as to render his imperative direction in that respect effectual upon her, or that she was restrained from so doing by the fear of the consequences of his threats, or both. She says that this injunction of silence on the subject was imposed upon her, and threats of the consequences which she otherwise would suffer were made on each of the occasions referred to. As bearing upon the question as to the effect of her delay in making the disclosures, the jury could also properly take into consideration the youth and inexperience of the plaintiff. They have found that her evidence had the support of her credibility, and having so found, the jury were at liberty to determine the questions of fact as they did against the defendant. The rule in criminal cases that the jury must, by evidence, be satisfied beyond a reasonable doubt of the guilt of the party charged with an offense, has no application to this case. A preponderance of evidence is sufficient to support the action. (*People* v. *Briggs*, 114 N. Y. 56.) The court having charged substantially the propositions embraced in some of the requests to charge, was not required to repeat them, and there was no error in his refusal to change its phraseology as requested. Nor was there any error in the refusal to charge as requested upon the subject of threats. There was no evidence of threats of the defendant to cause the plaintiff to submit to his connection with her. While the failure of the plaintiff to make any outcry may have been regarded by the jury as a potent fact against her, there was no error in the refusal of the court to charge that in such case she could not recover unless she was prevented by fear of personal violence. This was a question for the jury and it was submitted to them.

There seems to have been no error in the rulings at the trial. The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.