## NILS NYMAN v. GEORGE R. LYNDE.[1]

November 4, 1904.

Nos. 14,067—(102).

**Assault on Minor Child.**

In an action by a father to recover damages for an assault upon and criminal abuse of his minor child, evidence involving the general character of said minor at a time subsequent to the assault complained of is inadmissible.

**Action by Father.**

Following Gardner v. Kellogg, 23 Minn. 463, such an action may be maintained by the father.

Appeal by defendant from an order of the district court for Clay county, Baxter, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*C. A. Nye,* for appellant.

*Charles S. Marden* and *F. H. Peterson,* for respondent.

DOUGLAS, J.

Appeal by defendant from an order overruling his motion for a new trial.

Plaintiff recovered a verdict in the sum of $500 for damages resulting from an assault upon and criminal abuse of his minor daughter. Upon the trial defendant moved to strike out certain evidence offered tending to show the illness of the minor subsequent to the assault complained of, on the ground that it did not appear such illness resulted therefrom (not that it was inadmissible under the pleadings). An examination of the record convinces us that some evidence was offered tending to show that her illness was caused thereby. While the evidence was meager, we are of the opinion it fairly presented an issue of fact for the jury. However, independent of any competent proof of subsequent illness, the verdict cannot be deemed excessive; therefore, if error was committed by the trial court in refusing to strike out the evidence introduced, it was without prejudice.

[1] Reported in 101 N. W. 163.

93 M.—17

We are also of the opinion the court did not err in excluding evidence involving the general character of said minor subsequent to the assault complained of. Stoudt v. Shepherd, 73 Mich. 588, 597, 41 N. W. 696; Shewalter v. Bergman, 123 Ind. 155, 23 N. E. 686; McKern v. Calvert, 59 Mo. 243.

Other errors assigned are not prejudicial to the substantial rights of appellant, and do not constitute reversible error.

Following Gardner v. Kellogg, 23 Minn. 463, this form of action brought by the father of a minor child so assaulted will lie. Lavery v. Crooke, 52 Wis. 612, 9 N. W. 599; Dalman v. Koning, 54 Mich. 320, 20 N. W. 61; Kennedy v. Shea, 110 Mass. 147.

Order affirmed.