## ALTMAN v. ECKERMANN.

(Court of Civil Appeals of Texas. Nov. 30, 1910.)

1. RAPE (§ 9*)—CONSENT.

Consent defeats the charge of rape, where the party is capable of giving consent.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 8; Dec. Dig. § 9.*]

2. RAPE (§ 65*)—WHAT CONSTITUTES—CIVIL LIABILITY—UNDER AGE OF CONSENT.

Sexual intercourse with a girl 13 years of age is rape, so as to sustain an action for damages, since she was under the age of consent.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 106; Dec. Dig. § 65.*]

3. RAPE (§ 16*)—WHAT CONSTITUTES—ASSAULT ON FEMALE BELOW AGE OF CONSENT.

Touching a girl with the intent of having sexual intercourse was an assault, where she was incapable of giving her consent thereto, and the intent to have such intercourse is an intent to injure.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 15–19; Dec. Dig. § 16.*]

4. RAPE (§ 10*)—ELEMENTS—DECEPTION AND PERSUASION.

Deception and persuasion may sometimes be equivalent to the use of force in obtaining sexual intercourse.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 9; Dec. Dig. § 10.*]

5. RAPE (§ 66*)—ACTION FOR DAMAGES—COMPLAINT—SUFFICIENCY.

While the complaint that on a certain day "on the road to her home defendant assaulted her by laying his hands upon her and throwing her down, and did then and there have carnal knowledge of her," and "that she objected to said carnal knowledge and did not consent," would be insufficient as an indictment for rape, yet it would sustain a civil action for rape, as against a general demurrer.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 107; Dec. Dig. § 66.*]

6. ASSAULT AND BATTERY (§ 65*)—CONSENT—EFFECT.

While the fact that a woman yielded to sexual intercourse after having been assaulted would defeat a charge of rape, yet it would not defeat a civil action for assault and battery.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 93; Dec. Dig. § 65.*]

Appeal from District Court, Austin County; W. L. Moore, Judge.

Action for rape by Addie Altman, by W. Altman, her next friend, against Fritz Eckermann. From the order sustaining a general demurrer to the petition, plaintiff appeals. Reversed and remanded.

C. G. Krueger, J. M. Mathis, and J. L. Storey, for appellant. Bell, Johnson, Matthaei & Thompson, for appellee.

JENKINS, J. This suit was brought by W. Altman, the father of Addie Altman, as next friend, for assaulting, raping, seducing, and debauching appellant, beginning in February, 1905, at which time it is alleged that appellant was only 13 years of age, and continuing at various times to October 27, 1906. The court sustained a general demurrer to appellant's petition, and, the same being assigned as error, the case is now before us upon that issue.

We are not informed upon what ground the court sustained the demurrer. If upon one of the grounds urged by appellee in support of the judgment of the court, that it is not charged in the petition that appellee had carnal intercourse with appellant by force, or with her consent obtained by threats or fraud, we think the court was in error, granting that this is a proper construction of the petition. Rape of a female gave her a cause of action at common law. Consent, of course, defeats the charge of rape, where the party is capable of giving consent; but, the appellant being under the age of consent as fixed by our statute, the allegations of appellant's petition show rape by appellee upon appellant, for which she is entitled to her action for damages. More than this, the touching of her person with intent to injure her, she being incapable of giving her consent thereto, constituted an assault. Surely it cannot be said that, in having intercourse with a 13 year old girl, the appellee had no intention to injure her. There is an allegation in appellant's petition that, before appellee had carnal knowledge of appellant, he gave her fruit, candies, and jewelry, and by flattery and coaxing sought to overpersuade her and overreach her, and obtain control of her mind and mental faculties, for the purpose and with the intent of having carnal knowledge of and sexual intercourse with her. It is also alleged, not only that she was then a child of tender years, but also of weak mind, and that appellee was a man 40 years old, of strong mind, and possessed of a good deal of magnetism. We are not prepared to say that these facts are sufficiently pleaded to amount to intercourse by force or fraud; but deception and persuasion may sometimes be equivalent to force. McCue v. Klein, 60 Tex. 171, 48 Am. Rep. 260.

But, aside from the matters above set forth, there is a distinct allegation in appellant's petition that on the ——— day of February, 1905, on the road to her home, appellee assaulted her by laying his hands upon her and throwing her down, and did then and there have carnal knowledge of her; that appellant objected to said carnal knowledge, and did not consent. This would not be sufficient as an indictment for rape, but is sufficient in a civil action for rape, as against a general demurrer. It is sufficient to charge an assault, even though it had been alleged that after said assault, and before intercourse, she consented to such intercourse, and it had further appeared that

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

she was above the age of consent. That a woman yielded, after having been assaulted for the purpose of carnally knowing her, would defeat a charge of rape, but would not defeat a civil action for assault and battery.

For the reason that the court erred in sustaining the general demurrer to appellant's petition, the case is reversed and remanded.

Reversed and remanded.