Argued March 10, decided March 24, 1914.

## HOUGH *v.* IDERHOFF.

(139 Pac. 931.)

**Rape—Civil Liability—Consent—Age of Plaintiff.**

1. Under a statute (Section 1912, L. O. L.), defining "rape" as carnal knowledge of any female under the age of 16 years or the forcible ravishing of any female, and fixing the punishment the same for the offense against a child as against an adult, consent of a female under the age of 16 is no defense to civil liability for the act.

**Assault and Battery—Civil Liability—"Assault"—"Battery."**

2. Any violation of the person is an "assault," and putting hands upon a female with a view to violate her person is a "battery."

**Rape—Civil Liability—Pleading.**

3. Where a complaint for damages for rape states the age of plaintiff, under the age of consent, allegations that the act was done forcibly and violently do not prevent a recovery on the ground that the age limit statute bars the defense of consent in such a case, where force and violence are not proven.

[As to necessity of showing want of consent in prosecution for assault with intent to commit rape on girl under age of consent, see note in Ann. Cas. 1913A, 164.] ·

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2. Statement by MR. JUSTICE EAKIN.

This is an action by Minnie Hough, by Emilie Toedtemeir, her guardian *ad litem,* against Herman Iderhoff.

The plaintiff is the foster child of Emilie Toedtemeir, who is the guardian *ad litem* herein. She was born March, 1897, and at the time of the assault complained of she was 13 years and 7 months old. She by her guardian sues to recover damages for a criminal assault upon her by the defendant. The allegation, after giving the time of her birth, being "that some time during the month of October, 1910, the exact date being unknown to this plaintiff, the defendant willfully, violently, and forcibly made an indecent assault upon plaintiff, and did then and there debauch, ravish, rape, and carnally know her at the home of the defendant in

Clackamas County, Oregon; that plaintiff became pregnant with child, and did on or about the 14th day of July, 1911, give birth to a living male child.''

The defendant denied the allegations of the complaint, and a trial was had before a jury which resulted in a verdict for the defendant, from which plaintiff appeals.                                     REVERSED.

For appellant there was a brief over the name of *Messrs. Ditchburn & Downes,* with an oral argument by *Mr. John Ditchburn.*

For respondent there was a brief with an oral argument by *Mr. Gilbert L. Hedges.*

MR. JUSTICE EAKIN delivered the opinion of the court.

There is but one assignment of error, viz.: The refusal of the court to instruct the jury ''that if the jury should find that the plaintiff, Minnie Hough, was at the time of the alleged assault under the age of 16 years, she was incapable of consenting''—the court having instructed the jury directly contrary to the request, and which was duly excepted to, viz., ''that if she did not resist with all the force in her command then the defendant cannot be held in damages.'' So that the only question is: Can a defendant be held liable in a civil action to the injured female for damages where he violated her person in case she is under the age of 16 years and made no resistance to the assault? The trial court held. that he cannot, following the maxim, ''*Volenti non fit injuria,*'' that an action will not lie if plaintiff consented, and nearly all the cases and text-books seem to uphold the rule; however, the most of the reported cases were for assaults upon adults.

1. Our statute defines "rape": "If any person over the age of 16 years shall carnally know any female child under the age of 16 years, or any person shall forcibly ravish any female, such person shall be deemed guilty of rape, and upon conviction thereof shall be punished by imprisonment in the penitentiary for not less than three nor more than twenty years": Section 1912, L. O. L. So that the measure of damages is the same for the offense against a child as against an adult. It will thus be seen that the legislature has defined carnal knowledge of a female under the age of 16 years as rape whether the action be civil or criminal. The civil liability has not been defined or its elements determined in this court; but the rule was early established by the courts that the seeming acquiescence of a female of feeble mind or of tender years to an act of sexual intercourse offered no defense to an action of rape, because such a female was incapable of yielding assent from an incapacity of understanding.

2. Legislative assemblies applying the rule thus established have arbitrarily prescribed in many instances the age at which a female of ordinary intelligence is presumed to have attained such a degree of mental development as to be capable of assenting to the commission of the particular immoral act which when discovered ostracizes her from good society: *State* v. *Lee,* 33 Or. 506 (56 Pac. 415). And in *State* v. *Sargent,* 32 Or. 110 (49 Pac. 889), it is said that the law has determined that a female child under the age denominated is incapable of assenting. It is as though she had no mind upon the subject, no volition or sufficient discretion to give her consent to an act which is palpably wrong both in morals and in law. In other words, the law makes it just as much a wrong against a female infant to violate her person as a forcible

ravishment against an adult female. It is a legal
wrong as well as a moral one, and we can discover no
reason why the perpetrator of the act should not be
required to respond in damages as fully in the one
case as in the other. Under our statute the maxim
quoted above does not affect an infant, as the law con-
clusively says she can give no consent. In any event,
the fact of an assault does not depend upon the amount
of the resistance shown. Any violation of the person
is an "assault" (*Alexander* v. *Blodgett,* 44 Vt. 476);
putting his hands upon her with a view to violate
her person is a "battery": *Altman* v. *Eckermann*
(Tex. Civ. App.), 132 S. W. 523.

Even against an adult it is said that conduct on the
part of a person carnally assaulted short of consent is
not a justification therefor. In *Dean* v. *Raplee,* 145
N. Y. 319 (39 N. E. 952), the age is not considered:
*Dean* v. *Raplee,* 75 Hun, 389 (27 N. Y. Supp. 438);
*Palmer* v. *Baum,* 123 Ill. App. 584. *Altman* v. *Ecker-
mann,* (Tex. Civ. App.), 132 S. W. 523, is a strong case,
where it is said that the touching of her person with an
intent to injure her, she being incapable of giving her
consent thereto, constitutes an assault. In that case it
is said that rape of a female gives her a cause of action
at common law, while consent, of course, defeats the
charge of rape where the party is capable of giving
consent; but, the appellant herein being under the age
of consent as fixed by our statute, the allegations of
her petition show rape by the defendant for which she
is entitled to an action for damages. *Watson* v. *Tay-
lor,* 35 Okl. 768 (131 Pac. 922), is another case to the
same effect: See, also, *Nyman* v. *Lynde,* 93 Minn. 257
(101 N. W. 163).

3. It is urged by the defendant that the charge of
the plaintiff is for an assault committed by force and
violence, and by reason thereof plaintiff cannot rely

upon the age limit statute as barring the defense of consent. Without the words "violently" and "forcibly" the complaint states a complete cause of action for assault upon an infant. It shows the age and the commission of the rape as defined by the statute. The criminal liability in such a case has never been questioned, and there is good reason for construing the statute strictly against the defendant in such case; the offense being against a child.

The judgment of the lower court is reversed and the cause remanded for a new trial.            REVERSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.