It is equally reasonable and correct that a man shall not recover a recompense for an injury received by his own consent; but the rule must necessarily be received with this qualification, that the act from whence the injury proceeded be (421) lawful. Hence, in those manly sports and exercises which are thought to qualify men for the use of arms and to give them strength and activity, if two played by consent at cudgels, and one hurt the other, no action would lie. But where, in an action for assault and battery, the defendant offered to give in evidence that the plaintiff and he boxed by consent, from whence the inquiry proceeded, it was held to be no bar to the action; for, as the act of boxing is unlawful, the consent of the parties to fight could not excuse the injury. Boulter v.Clark, Buller, N. P., 16. The consequence of this distinction is apparent also in the law of homicide; for if death ensue from innocent and allowable recreations, the case will fall within the rule of excusable homicide; but if the sport be unlawful and endanger the peace, and death ensue, the party killing is guilty of manslaughter. Fost., 259. It is laid down in Mather v.Ollerton, Comberb., 218, that if one license another to beat him, such license is void, because it is against the peace, and the plaintiff recovered a verdict and judgment.
The case was very fairly put to the jury as to the evidence of the plaintiff's intoxication; but I think the law was misconceived in stating to them that if the plaintiff was sober, and assented, he was not entitled to recover. There must be a
New trial.