### 4992.   GULLATT *v.* THE STATE.

RUSSELL, J.   1. The ruling of the court upon the demurrer is controlled by the decision of this court in *Snell* v. *State*, 13 *Ga. App.* 158 (79 S. E. 71).

2. On the trial of one charged as accessory before the fact to a criminal abortion, testimony in reference to alleged statements made by the principal defendant, to the effect that the female upon whom the abortion was alleged to have been performed was about four and a half months advanced in pregnancy, was not objectionable for the reason assigned in the motion for a new trial. Moreover, the fact of pregnancy was not denied by the accused, and this testimony was pertinent in proving the guilt of the principal as a necessary preliminary to establishing the guilt of the accessory before the fact.

3. In the trial of one indicted as accessory incriminatory admissions made by one charged as principal offender are admissible for the purpose of proving the guilt of the principal.

4. The guilt of the principal charged with having actually performed the abortion not being in issue, any errors in the admission of testimony concerning the question of his guilt were harmless to those who were charged as accessories, since the question as to them was one of participation or procurement only.

5. On the trial of the alleged accessory before the fact it was not erroneous to admit testimony tending to show that the accused was acquainted with the female upon whom the abortion was alleged to have been performed, and had been seen in her company a short time prior to the accomplishment of the criminal act. Likewise, testimony showing criminal intimacy between the alleged accessory and the female is admissible.

6. In the light of the explanatory note of the presiding judge, it was not erroneous to decline to permit counsel for the accused to ask one of the witnesses for the State whether or not he had been procured, counseled, or commanded by the defendant to employ the principal defendant to commit the crime; especially as it does not appear from the assignment of error what would have been the nature of the answer of the witness.

7. Proof that the female upon whom it is alleged an abortion was performed is a lewd woman affords no defense to one on trial for being an accessory to the statutory offense based upon an alleged abortion. Con-

sequently the answers to questions by which counsel for the accused sought to lay the foundation for impeachment would ·have been immaterial.

8. The charge of the court upon the subject of alibi, though not applicable in the present case, was favorable to the accused, and affords him no valid ground for objection.

9. The female upon' whom a criminal abortion has been performed is not an accomplice with the perpetrator of the offense, as she can not be indicted for that offense.

10. The 20th, 21st, 23d, and 24th grounds of the motion for new trial, not being insisted upon in the brief of counsel for plaintiff in error, will be ·treated as abandoned.

11. The evidence demanding a finding that the principal defendant was guilty as charged in the indictment, it was not essential that the jury should have been instructed that they must believe that he was guilty, before they would be authorized to convict the accessory.

12. The evidence authorized the verdict, and there was no error in refusing a new trial.                                *Judgment affirmed.*

DECIDED OCTOBER 29, 1913.   REHEARING DENIED DECEMBER 9, 1913.

Indictment for assault with intent to murder; from Muscogee· superior court—Judge Gilbert.   May 5, 1913.

The allegations of the indictment and the grounds of the demurrer appear in the report of the case of *Snell* v. *State,* 13 *Ga. App.* 158 (79 S. E. 71).

*T. T. Miller, Love & Fort,* for plaintiff in error.
*George C. Palmer, solicitor-general,* contra.