# CHARLESTON.

## J. S. Royer v. L. L. Belcher

### (No. 5415)

Submitted January 26, 1926.  Decided February 2, 1926.

1. Assault and Battery—*Evidence of Provocation May be Given to Mitigate Exemplary, But Not Actual, Damages; Evidence of Provocation Held Not Admissible, Unless Affront Was so Recent as to Induce Presumption That Assault Was Committed Under Passion Produced Thereby.*

   In an action for an assault, evidence of the provocation may be given to mitigate *exemplary*, but not the *actual* damages.  Such evidence will not be admissible, however, unless the affront was so recent as to induce the presumption that the assault was committed under the passion produced thereby and before the blood had time to cool.  (p. 695.)

   (Assault and Battery, 5 C. J. §§ 118, 119.)

2. Same—*Question as to Whether Passion Induced by Affront Had Time to Cool Depends on Whether Under All Circumstances One Affronted Had Reasonable Time to Regain Self-Control; Reasonable Time for Cooling of Passion Caused by Affront Should be Submitted to Jury.*

   The courts recognize no arbitrary length of time in which the passions should cool.  The question in every such case is whether in reference to all the circumstances the one affronted has had reasonable time in which to regain his self-control.  What is reasonable time should be submitted to the jury.  p. 695.)

   (Assault and Battery, 5 C. J. §§ 119, 135.)

3. Same—*In Fight by Mutual Consent, Mere Fact That One of Parties Seeks Opponent Will Not Prevent Him From Recovering for Injuries Received.*

   Where the fight is by mutual consent, the mere fact that one of the parties seeks his opponent will not prevent him from recovering for injuries received therein.  (p. 697.)

   (Assault and Battery, 5 C. J. § 24.)

   (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by J. S. Royer against L. L. Belcher.  Judgment for plaintiff, and defendant brings error.

*T. F. Henritze* and *Strother, Sale, Curd & Tucker,* for plaintiff in error.

*Sanders, Crockett, Fox & Sanders,* for defendant in error.

HATCHER, JUDGE:

This is an action in trespass brought in the circuit court of McDowell County. The jury rendered a verdict of $250.00 in favor of the plaintiff. From a judgment thereon, the defendant prosecutes error here.

On the evening of March 28, 1924, the defendant was informed by his wife of an insulting remark reported to have been made about her by the plaintiff. Shortly after receiving this information, the defendant went in search of the plaintiff, and upon finding him, charged him with the remark. The fight ensued. It consisted of two parts or rounds. During the first round the defendant was the sole aggressor, striking the plaintiff several times about the head and face with his fist. The plaintiff acted wholly on the defensive, and finally escaped up a stairway in a nearby building. By the time the plaintiff reached the top of the stairs, he was bleeding profusely from some cuts on his head, produced apparently by a ring worn by the defendant. When the plaintiff realized this condition, he was unwilling to let the matter rest, so returned to the street and renewed the conflict. The defendant was entirely willing to continue the fray. When he saw the plaintiff returning, he asked, ''Do you want some more?'' The plaintiff answered in the affirmative, and the defendant, according to his own testimony, ''proceeded to give him some more.'' In the second round the plaintiff received more cuts and bruises. As a result of the entire encounter, the plaintiff's clothing was badly soiled, his glasses were lost, and his physical injuries were such as to render necessary the attention of a physician and hospital treatment.

The defendant attempted to introduce in evidence, in mitigation of damages, the remark which had given umbrage, but the court refused to allow it to go to the jury. The authorities are in full accord as to such evidence. If the provocation is so recent as to induce the presumption that the assault was

made under the immediate influence of the state of mind induced by the provocation and before sufficient time had elapsed for "the blood to cool", then the provocation should be admitted in evidence. 2 R. C. L. 588; 2 A. & E. Ency. 998; 5 C. J. 677 *et seq.* This ruling has been extended to permit such testimony if the provocation has come to the knowledge of the defendant immediately before the assault, although the affront may have been committed sometime previous thereto. *Jacaway* v. *Dula,* 7 Yerg. (Tenn.) 82, 27 Am. Dec. 492. The evidence in the present case does not disclose how long a time intervened between the report of the remark to the defendant, and the commission of the assault. The inference is that it was a very short period. The courts recognize no arbitrary length of time, in days or hours or minutes, in which the passions should cool. The question in every such case should be not the length of time since the defendant received the provocation, but whether in reference to all of the circumstances in the case, he has had reasonable time in which to regain his self-control. See cases cited in notes on page 679, 5 C. J., particularly *Dolan* v. *Fagan,* 63 Barb. (N. Y.) 73-75. What constitutes reasonable time in such a case should be submitted to the jury.

It should be borne in mind, however, that such evidence is admissible only in mitigation of the punitive damages claimed, and not for the purpose of mitigating the actual damages inflicted. A different view was taken in some of the earlier decisions, particularly by the Wisconsin court in the leading case of *Morley* v. *Dunbar,* 24 Wis. 183. But the majority of modern decisions limits mitigation to exemplary damages. 2 R. C. L. 587, par. 68; 5 C. J. 676, par. 116; *Prentiss* v. *Shaw,* 56 Me. 427; 96 Am. Dec. 475; *Goldsmith's Admr.* v. *Joy,* 61 Vt. 488. Even the Wisconsin court, in the case of *Grace* v. *Dempsey,* 75 Wis. 313, cites with approval the holding in the case of *Goldsmith's Admr.* v. *Joy, supra,* and concedes "Of course a plaintiff's compensatory damages are limited to such as he actually sustains under all the circumstances, and it is such actual damages that cannot be lessened." A like conclusion was reached by Judge POFFENBARGER in *Alderson* v. *Kahle,* 73 W. Va. 690 (696). The minority

rule is not consistent with other well established principles of the law of damages. A *non compos mentis* is responsible for the actual damages he does to persons or property. Why should courts be more indulgent to a rational being, even though he be temporarily irrational? The exponents of the minority rule disclaim any intention of departing from that palladium of peace and order—the rule that mere words never justify an assault. Yet if words are permitted to diminish the actual damages resulting from an assault, justification in part or to a degree is effected, no matter that the process is called *mitigation* instead of *justification*. If the actual damages committed in an assault be $100.00, but because of provocation the jury is permitted to reduce its verdict to $50.00, then the provocation is in reality a defense to or justification of the injury to the amount of $50.00. If mitigation of the actual damages be permitted at all, then it follows logically that the greater the provocation, the more the mitigation. In case of extreme provocation, does not the minority rule point to a mitigation of all actual damages? If so, it has accomplished by indirection what its proponents refuse to countenance directly.

The plaintiff expended approximately $50.00 because of the assault. He received seven cuts each of which required a stitch. The actual damages to which he was entitled included not only his monetary outlay, but damages for his physical injuries, pain, and humiliation. Would a less sum than $250.00 compensate him for his actual damages? Unless we can so determine, we can not hold that any punitive damages are included in the verdict. The trial court erred in rejecting the evidence of the provocation, but we do not think this error was prejudicial to the defendant. The only purpose of such evidence was to mitigate possible exemplary damages, and the amount of the verdict does not indicate that the jury intended it to be punitive.

The defendant complains of an instruction given, because it makes him responsible for all the injuries received by the plaintiff, when a part of such injuries were sustained in the second round in which the plaintiff was admittedly the

aggressor. We do not think the point well taken. The defendant was as willing to renew the struggle as was the plaintiff. From an extended note appearing on page 1050 of 17 A. & E. Ann. Cases, the general rule is deduced that "Where two persons voluntarily or mutually consent to fight, such agreement will not avail as defense in an action by either party to recover damages." The above note is appended to the case of *Morris* v. *Miller,* 83 Neb. 218, in which the court held that "Where two persons engage voluntarily in a fight either can maintain an action against the other to recover damages for the injuries he may receive, and the fact that the combat was by agreement or mutual consent of the parties to it is no defense." The combat having been renewed by mutual consent of the parties to it, the plaintiff is therefore entitled to recover for the actual damages he received in the second part thereof, as well as for those in the first round. The defendant also complains that his instructions No. 1 and No. 3 were not given. His No. 1 directs the jury not to consider the injuries to plaintiff growing out of the second round of the fight. This was an improper instruction for the reasons given above. His No. 3 instructed the jury that if they believed from the evidence that plaintiff admitted to defendant having made an insulting remark about the latter's wife, "Then they can consider it in mitigation of the damages." This instruction was also properly refused, because it failed to limit the damages to be mitigated to punitive damages.

The judgment in this case was entered Nov. 8, 1924, and the bill of exceptions was not signed until Jan. 9, 1925. Counsel for plaintiff contend that the bill was not signed within the time allowed by the statute. The certificate of the court to the bill of exceptions shows that adjournments were made from Nov. 10, 1924 from time to time until Jan. 3, 1925, before the term expired. Consequently we hold that this objection cannot be sustained.

Perceiving no error prejudicial to the defendant, the judgment of the circuit court will be

*Affirmed.*