27201.  MIMS *v.* RAGLAND.

DECIDED MARCH 17, 1939.

*L. L. Meadors, Duke Davis,* for plaintiff in error.

STEPHENS, P. J.  Wallace Ragland sued R. D. Mims, alleging in the petition that the defendant professed to practice surgery and the administering of medicine, holding himself out to the public

as a doctor; that the defendant put in a newspaper an advertisement that he removed hemorrhoids in a manner that is painless, bloodless, and drugless; that the plaintiff went to the defendant for examination, and that the defendant took the case and guaranteed that he would cure the plaintiff as per the advertisement for $25; that afterwards the defendant began treating the plaintiff, using some kind of medicine by injecting it with a hypodermic needle; that the defendant thereafter performed an operation on the plaintiff by cutting with a safety-razor blade, without sterilizing the blade and without the use of reasonable care and skill in preventing an infection, and that after this operation the plaintiff had several hemorrhages and was forced to call in a doctor who had to remove him to a hospital where he remained for ten days at a cost of $32.50; that the plaintiff underwent intense pain and suffering on account of the defendant failing to exercise a reasonable degree of care and skill in the performance of the operation; that he suffered abscesses from the failure to use properly sterilized instruments in performing the operation; that the plaintiff was totally disabled to work at any hard labor, and will be forever disabled; that the plaintiff was earning $15 a week and lost ten weeks of time on account of improper treatment by the defendant and the improper exercise of a reasonable degree of skill and care by the defendant in operating on him; that the plaintiff suffered actual damage in the sum of $308.50, and suffered $10,000 in general damages.

In his answer the defendant admitted that he advertised as alleged, that he accepted the plaintiff as a patient, and that the plaintiff had paid him approximately $25. Other allegations in the petition were denied. The defendant further alleged that he was a licensed chiropractor in LaGrange, that the plaintiff came to him for treatment and the defendant instructed him that it would be necessary for the plaintiff to follow the defendant's instructions strictly in order to obtain the benefit of the treatments, one of the main instructions being that the plaintiff stop work and rest quietly during the period of treatment, but that the plaintiff did not rest quietly as he had been instructed to do; that another main requirement was that the plaintiff remain in the City of LaGrange where an electrical current would be available for use in the treatment; that the plaintiff agreed to do this, but later went

to his home in the country where no electrical current was available, and refused to remain in the city; that only one injection was used and that was done under the immediate supervision and direction of a practicing medical doctor of LaGrange; that the plaintiff had completely recovered and was not seriously or permanently injured, and that he, the defendant, did not at any time or in any way do anything which was not proper to be done.

After hearing considerable evidence the jury found in favor of the plaintiff in the sum of $278.50. The defendant moved for a new trial on the general grounds, and on a number of special grounds. The motion was overruled and the defendant excepted.

■ The evidence was quite conflicting. There was testimony that the defendant had used an unsterilized safety-razor blade in operating on the plaintiff. This was denied by the defendant in his testimony. There was testimony that the defendant had given the plaintiff a number of injections. This was denied by the defendant, but he admitted that he had given one injection at the instance of a physician who had been called in to the case. The evidence was uncontradicted that one of the physicians who was called in gave an injection, told the defendant what to do in treating the case, which directions he afterwards followed, and that later on the plaintiff's condition became such that another physician was called in and had the plaintiff carried to a hospital where he remained under treatment of the latter physician for ten days; that the defendant gave the plaintiff no further treatment after the plaintiff was taken to the hospital, and that the portions of the plaintiff's body which had been under treatment were badly infected when he reached the hospital. The details of the evidence need not be further stated. It was sufficient to authorize the verdict. Where one witness testifies positively to a fact, and another witness testifies that this fact did not occur, it is a matter for a jury.

■ All of the grounds of the motion for new trial relate to the charge of the court, and to the refusal of the court to give in charge certain requests by the defendant. Ground 1 complains that the court erred in charging "in a suit brought by a patient for malpractice it is presumed that surgical and medical services were performed in an ordinary skillful manner, and the burden is on the person receiving the services to show a want of due care, skill, and

■

diligence." In a note to his approval of the grounds of the motion for new trial the judge certified that this charge was given in response to a written request of the movant. Therefore the movant can not complain. But this charge which was given at the movant's request may be considered in connection with other charges complained of.

■ Ground 2 alleges that the court erred in charging the Code, § 84-924, which states "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." The movant's main objection is that this section does not apply to a chiropractor, as the evidence showed that chiropractors do not administer medicine or perform surgical operations, and that the defendant did not profess to do so; that the defendant did not do so and that he would be liable only for failure to apply the degree of care and skill required by the established practice of chiropractors. This objection might be meritorious in a case where the chiropractor confined himself to the limits of his profession, but it can not be said that it was error to give this instruction in a case where there was testimony to the effect that the chiropractor had exceeded those limits by administering an injection, or a number of injections, and by performing a surgical operation with the blade of a safety razor. Furthermore, it appears from the third ground of the motion that the court charged that such person as referred to in the section of the Code must exercise a reasonable degree of care and skill as under similar conditions and like surrounding circumstances is ordinarily employed by a person engaged in the same general line of practice.

■ Ground 4 complains that the court erred in charging, in substance, that if the plaintiff failed to follow the advice of the defendant, and such failure contributed materially to or caused the injury or results for which the suit was brought, such condition was not caused by failure on the part of the defendant to exercise that degree of skill and care, but was due solely to the conduct of the plaintiff, then the jury should find for the defendant. It is claimed for the movant that the use of the word "solely" deprived the movant of the right to have the amount of recovery reduced if the injury was the result of the negligence of both parties, and

that the law of contributory negligence involved in the case by the pleadings and evidence was completely eliminated. This instruction was not erroneous because the plea did not raise the question of comparative negligence, and there was no request made by the defendant for an instruction on it. See the authorities cited in *Lamon* v. *Perry,* 33 *Ga. App.* 248, 252 (125 S. E. 907). The plaintiff's negligence, as alleged in the answer, is not even stated as a ground why he could not recover. It may be assumed that it was pleaded as a defense. The simple issue was whether the plaintiff's alleged injuries were caused by the negligence of the defendant, or by the negligence of the plaintiff himself.

■ Ground 5 complains of the failure to give a certain request which stated in the abstract the duty of a patient to obey reasonable demands made by a physician or chiropractor, without stating what the result would be of a failure to obey such demands. The charge is incomplete and it was not error to refuse it.

■ Ground 6 in reference to pain and suffering caused by the illness as distinct from that caused by the negligence of the chiropractor, was covered by the charge as given, the jury being instructed not to consider the pain and suffering which was merely due to the plaintiff's illness.

■ Ground 7 complains that the court failed to charge a request that the jury could not set up a standard of their own in regard to what constituted ordinary care, but must be guided solely by the testimony of those engaged in chiropractic practice, "and if you are unable to determine from the testimony of chiropractors what constitutes ordinary care and skill then there is a failure of proof upon the only standard for your guidance and the evidence is then insufficient to sustain the plaintiff's case." This charge is not good law. The jury is always the judge of what constitutes ordinary care and what constitutes negligence, and they are not confined to chiropractic testimony in determining the question. There might be a custom or course of practice among chiropractors which medical experts would condemn, and certainly such evidence could not be excluded from consideration by the jury.

■ There being no plea that the plaintiff could by the exercise of ordinary care have avoided the consequences of the defendant's negligence, and there being no evidence whatsoever from which it could be inferred that the plaintiff by any act of his could have

avoided the consequences of the defendant's negligence, if the defendant was negligent, it was not error for the court to fail to give in charge the requests to charge as contained in grounds 8 and 9 of the motion for new trial, which were to the effect that if both parties were at fault, and the plaintiff by the exercise of due care could have avoided the consequences to himself caused by the defendant's negligence, if the jury should find that the defendant was negligent, the plaintiff could not recover.

There was no error in overruling the motion for new trial. *Judgment affirmed.* *Sutton and Felton, JJ., concur.*