Dr. Juan Font Suárez, Plaintiff and Appellee, *v.* Dr. Miguel A. Pastrana, Defendant and Appellant.

No. 10540. Argued February 5, 1952.—Decided March 24, 1952.

*Luis Blanco Lugo* and *R. Díaz Collazo* for appellant. *Romany & Romany* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

In an action for damages brought by Juan Font Suárez against Miguel A. Pastrana, the lower court, after a trial on the merits, entered judgment granting the complaint and ordering the defendant to pay to the plaintiff the amount of $1,000 as compensation for his humiliation and mental sufferings, plus the costs and $200 as attorney's fees. That judgment was based on an opinion of even date which unfolds the following findings:

"1. That on June 4, 1950, a Special Session of the Colegio de Cirujanos Dentistas de Puerto Rico was being held in the Assembly Hall of the Government of the Capital. Dr. José Vicente acted as chairman and Dr. Juan Font Suárez, the plaintiff, as secretary. They were discussing the need to purchase a building to house the Colegio de Cirujanos Dentistas. A former board of directors presided by the defendant had bought a lot and it was being attempted to annul said purchase and to acquire instead a house in Nereidas Avenue, of Santurce. Dr. Géigel had the floor and was urging that the aforesaid house be purchased when he was interrupted by the defendant who asked him who was the broker in charge of said house and then, upon Dr. Géigel answering that it was his father, the defendant replied, 'that will be all.'

"2. That then Dr. Font Suárez asked leave to speak and characterized as 'impertinent' defendant's interruption. (The defendant and his witnesses testified that besides 'impertinent,' plaintiff used the word 'filthy'). Dr. Font Suárez, the plaintiff, and Dr. Vicente, Chairman of the Colegio, his witness, deny that Font Suárez used the word 'filthy' although they admit that Font Suárez used the expression 'impertinent.'

"3. That then Dr. Pastrana approached the plaintiff and asked him to repeat what he had said, and that upon Dr. Font Suárez doing so, Dr. Pastrana slapped his face, while Dr. Font Suárez was wearing his glasses.

"There is no question as to the assault; it appears from plaintiff's evidence as well as from defendant's; and likewise, the defendant describes it in his answer as a 'symbolic' punishment, stating also in his oral testimony before the court that he had done it on the spur of the moment.

"There is a slight contradiction in the evidence as to the words used by Dr. Font Suárez. On the one hand, both Dr. Suárez and Dr. Vicente, plaintiff's witness, testify that the word used by the former was 'impertinent.' On the other hand, some of defendant's witnesses say that it was 'filthy.'

"It is immaterial for the purposes of this case since defendant's liability would be the same, and it is the opinion of the Court that, regardless of how insulting and abusive Dr. Font Suárez's words were, they would never justify an assault and, consequently, they constitute no defense here.

"The evidence also discloses that there were two factions in the Colegio de Cirujanos Dentistas, plaintiff and defendant being

in opposite sides, and that the relations between said factions were quite strained."

The following conclusions of law also appear in said opinion:

"...It was a public assault, in a meeting of dentists, while the victim was wearing his glasses. Defendant's attitude was malicious. His own testimony, upon manifesting that he assaulted plaintiff intending to silence him, clearly reveals his intention to vex and humiliate plaintiff, publicly, before his fellow dentists, during an assembly. Professionals owe one another respect, more sense. There is a vast field to defend one's opinions without having to resort to denigrating means the sole purpose of which is not to convince, but rather to subject a professional colleague to public ridicule. Public order demands that this sort of thing shall not be repeated.

"The humiliation suffered by the plaintiff must be compensated and considering that he is a professional, the court deems that the amount of One Thousand Dollars ($1,000) is just and reasonable compensation for his humiliation and mental sufferings."

The defendant alleges on appeal that the district court erred: (1) in refusing to determine whether there was provocation on plaintiff's part; (2) in ordering him to pay $1,000 as damages, on the ground that said amount is unreasonable and excessive; and (3) in including in its judgment a pronouncement for $200 as attorney's fees without first finding that the defendant had been rash.

The lower court repeatedly said, as we have seen, that although some of plaintiff's witnesses testified that the word used by plaintiff upon describing the question asked by the defendant to Dr. Géigel was "impertinent," however, some of defendant's witnesses said that plaintiff used the word "filthy" and it clearly stated that for the purposes of the case it was immaterial to determine either, inasmuch as in its judgment defendant's liability would remain unchanged. Yet, it did not decide whether the plaintiff had provoked the defendant. Nevertheless, this is not a reversible error.

There is a conflict of authority as to whether provocation may be shown in mitigation of compensatory damages. The weight of American jurisdictions, however, supports the rule that such damages are not subject to mitigation by provocation. 63 A.L.R. 886 and annotation at pp. 890 *et seq.;* 16 A.L.R. 755, 768 and 771; 16 Harvard Law Review 591; Sutherland on Damages, Vol. IV, 3d ed., p. 3661, § 1255; Joyce on Damages, Vol. I, 1903 ed., p. 431, § 375; Sedgwick on Damages, Vol. I, 9th ed., p. 747, § 384; Restatement of the Law, Torts, Vol. IV, p. 622, § 921; *Roger* v. *Belcher,* 131 S. E. 556, 47 A.L.R. 1089; *Bond* v. *Williams,* 214 S. W. 202; *Cooper* v. *Demby,* 183 S. W. 185. That, in our judgment, is the wisest and soundest reasoning. Continental courts agree, nevertheless, that provocation produces mitigation of punitive damages.[1] See the foregoing works and cases.

██ In the case with which we are concerned the lower court clearly stated that the humiliation suffered by the plaintiff ought to be compensated and fixed the amount which in its judgment reasonably compensated such humiliation. Damages of this nature and for mental sufferings are compensatory in character. Prosser on Torts (1941 ed.) p. 859, § 95; Crane, Cases on Damages, 1940 ed., p. 64, footnote 3; 15 Am. Jur. pp. 595, 603, §§ 178 and 185; *Cf. Zalduondo* v. *Sánchez,* 15 P.R.R. 216, 221. Since the damages awarded by the lower court are compensatory and provocation does not mitigate the amount thereof, the fact that said court did not decide whether or not there had been provocation on plaintiff's part is irrelevant, inasmuch as the result would have been the same.

Nevertheless, taking all of the attendant circumstances into consideration, we believe that the amount of $500 as damages for the humiliation suffered is sufficient.

---

[1] In view of the conclusion we reach herein, we need not decide whether punitive damages may be granted in Puerto Rico.

■■ Trial courts are bound to grant attorney's fees when in their opinion the party against whom judgment is entered shall have acted rashly. Act No. 94, of May 11, 1937, (Sess. Laws, p. 229). Although the word rashly is not used in the judgment, it may logically be assumed that the defendant was adjudged to pay the fees because he was considered rash. Upon discussing this question, appellant contends that "since the Rules of Civil Procedure went into effect a specific finding that a party has acted rashly is necessary in order that he may be adjudged to pay the fees." Such conclusion is implied in the opinion delivered. The terms in which it is couched so disclose.

The judgment appealed from will be modified by reducing the compensation to be awarded to plaintiff from $1,000 to $500 and as modified, it will be affirmed.

Mr. Justice Snyder did not participate herein.