### 43991. GAINES v. WOLCOTT.

Argued October 7, 1968—Decided February 21, 1969—
Rehearing denied March 6, 1969—

314

*R. Bruce Lowry,* for appellant.

*Richter & Birdsong, Horace E. Richter,* for appellee.

FELTON, Chief Judge. This appeal raises the question (apparently a novel one in this State) of whether an unmarried, minor plaintiff can recover damages in her tort action against a chiropractor for her injuries, resulting from an illegal abortion performed upon her by him with her assent and caused by his alleged negligence prior to, during the course of and subsequently to said operation.

The law in this State is that, where one is engaged with another in the simultaneous and wilful violation of the same penal statute, he cannot recover damages for injuries inflicted upon him through the negligence of his joint wrongdoer unless the violation of the statute was not a contributing cause of the injuries; this is based upon the principle that the parties are in pari delicto, that what each does is the act of the other and that to permit a recovery under such circumstances would be in violation of public policy. *Allen v. Gornto,* 100 Ga. App. 744, 750

(112 SE2d 368), and cases cited; *Code* §§ 37-112, 105-603. The penal statute violated in the present case was either *Code* § 26-1101 or § 26-1102 (Ga. L. 1876, p. 113), depending upon whether the unborn child was quick or not, respectively. *Biegun v. State,* 206 Ga. 618, 626 (58 SE2d 149). Under our abortion statutes, unlike those in some jurisdictions, a female is not guilty of a crime by her participation in an abortion operation, although she may violate other, somewhat related statutes, i.e., *Code* §§ 26-1104, 26-1105, and 26-1106. "The female upon whom a criminal abortion has been performed is not an accomplice with the perpetrator of the offense, as she can not be indicted for that offense." *Gullatt v. State,* 14 Ga. App. 53 (9) (80 SE 340). Hence, the plaintiff was neither the principal nor an accomplice in the violation of the penal statute.

Furthermore, even if the plaintiff's participation in the transaction were illegal, it was not a contributing cause of her injuries, such as is required to bar her recovery. *Hughes v. Atlanta Steel Co.,* 136 Ga. 511 (71 SE 728, 36 LRA (NS) 547, AC 1912C 394). "If . . . the negligence of the parties consists, not in the joint performance of an act, but in the performance of separate and distinct acts, although of the same character and contemporaneous and in violation of the same statute, the act of one not being the act of the other, the person injured is not debarred from a recovery, unless his own negligence was the cause of the injury. It is immaterial whether the negligence of the respective parties is established as a matter of law or as a matter of fact. The theory upon which an injured party is debarred of a right to recover when injured while engaged in the performance of an illegal or criminal act rests, not upon the ground that he is performing an illegal or criminal act, either alone or jointly with the defendant, but upon the ground that his conduct is negligent and is the proximate cause of his injury. Even though negligence might be shown as a matter of law, the question of proximate cause may still be one for the jury." *Schofield v. Hatfield,* 25 Ga. App. 513, 514 (103 SE 732). Although a jury might find as a matter of fact that the plaintiff was negligent in entrusting herself to a chiropractor for an abortion, the finding might well be demanded that the proximate cause of her injuries

was the defendant's alleged negligence in connection with the operation. The requirement of a physician's exercising a reasonable degree of care and skill, set out in *Code* § 84-924, is applicable to a chiropractor who performs acts usually done by a surgeon. *Mims v. Ragland*, 59 Ga. App. 703, 706 (2 SE2d 174); *Andrews v. Lofton*, 80 Ga. App. 723 (57 SE2d 338). Ordinarily, the question of whether such care and skill were used is for a jury. *Norton v. Hamilton*, 92 Ga. App. 727, 731 (89 SE2d 809, 57 ALR2d 426), and cit.

Recovery of damages in cases such as the present one has been permitted in a number of jurisdictions, even in those in which the female involved was guilty of a crime by her participation in the abortion operation. See annotation in 21 ALR2d 364, 369, 371 (§ 3), and cit.

"A distinct split of authority has developed with respect to assent as a defense to acts which amount to a criminal offense. The numerical weight of authority follows the rule that assent to such an act is not a defense in a civil action for the reason that consent to the performance of an unlawful action is invalid." Harper and James, The Law of Torts, § 3.10, p. 236, citing (n. 31) Stout v. Wren, 8 N. C. 420 (9 AD 653) (1821); Adams v. Waggoner, 33 Ind. 531 (5 AR 230) (1870); Lund v. Tyler, 115 Iowa 236 (88 NW 333) (1901); Morris v. Miller, 83 Neb. 218 (119 NW 458, 20 LRA (NS) 907, 17 AC 1047) (1909); Royer v. Belcher, 100 W. Va. 694 (131 SE 556, 47 ALR 1089) (1926); Brown v. Patterson, 214 Ala. 351 (108 S 16, 47 ALR 1093) (1926); and see annotations, collecting many cases, in 17 AC 1050, 6 ALR 388 (1920), 30 Id. 199 (1924), 47 Id. 1092 (1927). See also 1 CJS 340, Abortion, § 41; 1 AmJur2d 210, Abortion, § 37. One such case holds that the consent of the person injured by an unlawful act will not preclude recovery where such act involves a violation of the public peace or the life of the person involved. Milliken v. Heddesheimer, (1924), 110 Ohio St. 381 (144 NE 264, 33 ALR 53). The case of Miller v. Bennett, 190 Va. 162 (4) (56 SE2d 217, 21 ALR2d 364) held that anti-abortion statutes are enacted, not for the protection of the woman, but for the protection of the unborn child and society. While the protection of the unborn child and society are valid

purposes of the statute, however, we cannot say that the protection of the woman is not an equally valid and important purpose. Surely the appalling, unsanitary and unprofessional conditions under which such illegal operations are in fact often performed warrant the protection of the law to the woman.

Moreover, the fact that the plaintiff was a minor is a factor in the matter of her consent. "Where . . . the policy of the law is primarily to protect a definite class of persons from their own immaturity of judgment and not solely to protect the public, the assent of the plaintiff is not a bar to a civil action." The Law of Torts, supra, p. 237, citing (n. 38) 1 Restatement of Torts § 61. An Alabama case, for example, has held that a minor could not legally consent to an abortion operation—a transaction which constituted a criminal offense. Hancock v. Hullett (1919), 203 Ala. 272 (82 S 522). An analogy somewhat appropriate to the present action is a civil action for having carnal knowledge of a girl under the statutory age of consent, in which action the girl's assent is no defense. The Law of Torts, supra, p. 237, citing (n. 39) Gaither v. Meacham, 214 Ala. 343 (108 S 2, 45 ALR 777) (1926); Bishop v. Liston, 112 Neb. 559 (199 NW 825) (1924); Priboth v. Haveron, 41 Okla. 692 (139 P 973) (1914); Hough v. Iderhoff, 69 Ore. 568 (139 P 931) (1914); Glover v. Callahan, 299 Mass. 55 (12 NE2d 194) (1937). See also Todd v. State, 25 Ga. App. 411, supra.

The above principles apply not only in the case of minors, however, but also with regard to adults, where the statute is designed primarily, or even secondarily, for the protection of the class of which the plaintiff is a member—in this case, pregnant females. "If . . . consent will not avail as a defense in any civil suit for damages for personal injury, certainly no argument is required to demonstrate that an act which is designed to take the life of one, and necessarily endanger the life of another, and is violative not only of good morals, but of the criminal laws of the state, is not one from the consequences of which he who commits the act may be relieved by reason of the previous consent of the person injured." Milliken v. Heddesheimer, 110 Ohio St. 381, supra, p. 390. After quoting the above, the Supreme Court of Kansas stated that "We are of the opinion that no person

may lawfully and validly consent to any act the very purpose of which is to destroy human life," and held that, in any event, the patient could not have consented to the illegal abortion operation in the negligent manner in which it was performed. Joy v. Brown, 173 Kan. 833, 839 (252 P2d 889).

"It would seem clear that a woman's submission to an abortion operation would not preclude an action based thereon, where there is no real consent on her part to the illegal transaction, as where it is induced by fraud or the like." 21 ALR2d 364, 372. The present complaint contains two allegations of negligence which might be found to be the basis of fraud. By representing himself as being capable of performing the operation and by failing to advise the plaintiff of the possible consequences of the operation, the defendant—an older, more experienced adult —could be found to have taken advantage of the younger, less experienced plaintiff. The jury would be entitled to consider such factors as the minor plaintiff's age, experience, education (the record shows that she filed an affidavit in forma pauperis in the present appeal), and distraught condition in determining the validity of her consent. "The defendant in a fraud action cannot assert as a defense that the transaction induced by the fraud was illegal or against public policy. 37 CJS 361, § 68. The doctrine barring recovery for fraud where the parties are in pari delicto is based on the principle that to give the plaintiff relief would contravene public morals and impair the good of society. Hence, *it should not be applied in a case in which to withhold relief would, to a greater extent, offend public morals.* 23 AmJur 1005, § 183; 1 CJS 1001, § 13. A court of justice will not lend its aid to the enforcement of any contract, the making of which is prohibited, nor in support of any action by either party where the same is dependent upon an illegal or immoral transaction. *Glass v. Childs,* 9 Ga. App. 520, 522 (71 SE 920) ; *Smith v. Patterson,* 82 Ga. App. 595, 598 (61 SE2d 679). But *a person does not become an outlaw and lose all rights by doing an illegal act.* Cases where the action is based on an illegal contract do not apply where the action is based on the right not to be led by fraud to change one's situation, or where the parties are not in pari delicto. National Bank & Loan Co. v. Petrie, 189 U. S.

423, 425 (23 SC 512, 47 LE 879); accord *Wallace v. Cannon*, 38 Ga. 199, 205; *Drake v. Parkman*, 79 Ga. App. 679, 681 (54 SE2d 714); *Allen v. Gornto*, 100 Ga. App. 744, 757 (112 SE2d 368); Waggoner v. Western Carolina Pub. Co., 190 N. C. 829 (130 SE 609)." (Emphasis supplied.) *A. M. Kidder & Co. v. Clement A. Evans & Co.*, 111 Ga. App. 484, 488 (142 SE2d 269). The latter case, as well as others, holds "that the perpetrator of a gross and vicious fraud should not be permitted to set up as a defense that the plaintiff should not have relied upon his good faith and honesty and that whether, under these circumstances, plaintiff has been guilty of such negligence in not informing himself of the facts as to defeat his right of recovery is a jury question. If he has not, then the plaintiff, ex aequo et bono, is entitled to recover." *Smith v. Holman*, 117 Ga. App. 248, 249 (160 SE2d 533), and cit.

Although it is not the business of the courts to question the wisdom of the legislature in enacting legislation, nevertheless they must ascertain the public policy sought to be expressed in legislation and, insofar as is possible, give effect to it. While it might be argued that, from the viewpoint of the patient, to allow recovery in the present action may tend to encourage the violation of the anti-abortion statutes, it should be observed that abortionists will thereby be deterred from practicing their illicit profession by not only the possibility of criminal prosecution, but also that of civil liability, judgments which under no circumstances should be covered by abortionists' insurance. Furthermore, the probability of their crimes being discovered and prosecuted should be greatly increased by the perpetration of the crime being brought to the attention of the authorities and the public at large by means of civil actions. Unless and until our legislature makes the participation of a female in an abortion operation a crime (and possibly not even then), we cannot hold that she is barred as a matter of law or public policy from a recovery in a civil action for injuries caused by the abortionist's negligence.

The fourth specification of negligence also states a claim for which recovery might be had. "It has been held that the abandonment of a woman who has undergone an illegal abortion with

the knowledge that she is seriously ill as a result of such operation, gives rise to a cause of action notwithstanding the consent of the woman to the operation." 21 ALR2d 364, 373 (§ 4), and cit.

The court erred in its judgment dismissing the action.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*