## 25181. WOLCOTT v. GAINES.

Argued May 12, 1969—Decided June 16, 1969—
Rehearing denied July 10, 1969.

*Richter & Birdsong, Horace E. Richter, A. W. Birdsong, Jr.,* for appellant.

*R. Bruce Lowry,* for appellee.

Mobley, Justice. This case is before this court on grant of certiorari to the Court of Appeals. Upon further consideration and study of the case, we are of the opinion that the decision of the Court of Appeals is correct. However, since the question at issue is an open one in this State, and the authorities from the other states are about evenly divided on the question, we think the issue should be settled in this State. Thus we affirm the judgment, rather than dismissing the certiorari as being improvidently granted.

The question as stated by the Court of Appeals, is "whether an unmarried, minor plaintiff can recover damages in her tort action against a chiropractor for her injuries, resulting from an illegal abortion performed upon her by him with her assent and caused by his alleged negligence prior to, during the course of and subsequently to said operation."

The Court of Appeals in reversing the judgment of the trial court, which held adversely to the plaintiff, based their decision on two grounds: First, that the woman was not *in pari delicto* with the chiropractor, who committed the abortion, and was not barred from bringing the action. Second, that even if in

error as to the first ruling, the chiropractor is liable in damages for abandonment of her after the abortion, and refusing to aid her in complications resulting from the operation.

In arriving at the first conclusion, the Court of Appeals applied the ruling in *Gullatt v. State,* 14 Ga. App. 53 (9) (80 SE 340), where it was held: "The female upon whom a criminal abortion has been performed is not an accomplice with the perpetrator of the offense, as she can not be indicted for that offense." The basis for that decision is that the statute (*Code* § 26-1102) makes it a misdemeanor for one to commit an abortion upon a woman, but does not make it a crime as to her. This statute was enacted in 1876 (Ga. L. 1876, p. 113) and is, in substance, embodied in the new Criminal Code adopted by the General Assembly, effective as of July 1, 1969 (Ga. L. 1968, pp. 1249, 1277; *Code Ann.* § 26-1201), which indicates that the General Assembly accepted the ruling in *Gullatt v. State,* supra, rendered 56 years ago, as a correct interpretation of the statute. We thus conclude that the Court of Appeals was correct in holding that the plaintiff was not barred from bringing the action for damages.

As to the second ruling, we think the Court of Appeals was correct in holding that the specification of negligence alleging abandonment of the woman after the operation, and failing to come to her assistance, when complications developed from his performance of the abortion, states a claim for which recovery might be had.

The Court of Appeals in a well written opinion covers exhaustively the issues made in the case, and further elaboration thereon is unnecessary.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Undercofler, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent from the judgment of affirmance since no action to obtain relief in the courts of this State can be maintained for a wrong growing out of an immoral or illegal transaction whether malum prohibitum or malum in se. See *Jones v. Dinkins,* 209 Ga. 808 (1) (76 SE2d 489), and citations contained therein. Regardless of whether or not the female who participated in the illegal

abortion upon her person is made guilty of a crime, her action in aiding and abetting the commission of the same and then bringing an action for relief from injury resulting therefrom causes her to come into court with unclean hands, and the court should leave the parties where it finds them.