### 48286. ADAMS v. SMITH.

EVANS, Judge. Lowell Smith, plaintiff, sued Ted Lynn Adams, defendant, because of injuries received by plaintiff when he fell from the front fender of an automobile driven by defendant, as they were engaged in hunting rabbits. Verdict and judgment were rendered in plaintiff's favor and defendant appeals. Defendant's brief sets forth his version of the evidence, but in cases such as this, where a verdict and judgment are rendered in the lower court, and approved by the trial judge, the evidence

must be construed most favorably towards the prevailing party so as to support the verdict, and all conflicts and inferences arising from the evidence must be construed in favor of the prevailing party. See *Boatright v. Rich's,* 121 Ga. App. 121 (173 SE2d 232); *Sharp v. Thomas,* 125 Ga. App. 137 (186 SE2d 589). And in such construction of the evidence, the jury may have believed part of the testimony of a witness and may have disbelieved other parts of his testimony. See *Adams v. Adams,* 218 Ga. 67, 78 (126 SE2d 769); *Powell v. Blackstock,* 64 Ga. App. 442 (5) (13 SE2d 503); *Campbell v. State,* 157 Ga. 233 (2) (121 SE 306).

In light of the foregoing, there was evidence in this case sufficient to show that as plaintiff was perched on the front fender of the car, the speed was accelerated and plaintiff hollered to defendant to slow down, and another passenger likewise requested defendant to slow down; that the defendant heard these requests, but continued at the greater rate of speed for about 500 yards; and then applied ("slammed on") the brakes, and caused plaintiff to fall into the road where the car ran over him; that plaintiff hollered again and asked defendant not to back the car over plaintiff, but defendant deliberately backed over him, and plaintiff was hurt worse in being backed over by the car than he was before. (Tr. pp. 11, 28, 29, 31, 47, 48, 50, 52, 53, 59, 60 and 63). *Held:*

1. Defendant contends that plaintiff was required to prove wilful and wanton negligence in order to recover. Even if plaintiff was required to prove that degree of negligence, such wilful and wanton negligence may be proven without proof that defendant deliberately and intentionally committed the wrongful acts complained of. If a defendant acts with that "entire absence of care which would raise the presumption of conscious indifference" to consequences, that will suffice to prove wilful and wanton negligence. *Frye v. Pyron,* 51 Ga. App. 613 (3) (181 SE 142), and cases there cited.

2. But in this case, when plaintiff hollered to defendant and requested that speed be reduced, and he continued at same high rate of speed, the jury would have been authorized to determine that the relationship of host-driver and guest-passenger was changed, and that thereafter the plaintiff was being transported against his will, and the jury could have determined that thereafter plaintiff was only required to prove simple negligence in order to recover. *Blanchard v. Ogletree,* 41 Ga. App. 4 (2) (152 SE 116);

*Anderson v. Williams,* 95 Ga. App. 684, 686 (98 SE2d 579); *Dixon v. Merry Bros. Brick & Tile Co.,* 56 Ga. App. 626, 631 (3) (193 SE 599). We emphasize that this would have been a question for solution by the jury.

3. Defendant contends plaintiff cannot recover because both plaintiff and defendant were engaged in an illegal enterprise, hunting rabbits from an automobile, etc. In support, he cites one case only, to wit: *Wallace v. Cannon,* 38 Ga. 199, where it was held that one who was violating the *supreme law of the land* by engaging in acts of warfare against the United States of America could not recover; and this case is followed by *Martin v. Wallace,* 40 Ga. 52, 53, which is also a case of making war on the United States of America. Hunting rabbits from an automobile cannot be equated with making war on the United States, and is not in violation of the *supreme law of the land.* The law as to engagement in illegal enterprises and denial of recovery to the parties is usually applied in contractual cases, and most particularly to equity cases. Code §§ 37-104, 37-112. A well known rule in equity is that the complainant must come into court with clean hands, otherwise the law will leave him where it finds him. Of course, this is not a contract case, nor a case in equity. This court has correctly set forth the rule in *Gaines v. Wolcott,* 119 Ga. App. 313 (167 SE2d 366), wherein an unmarried minor sought an illegal abortion, and was allowed a recovery against the physician, even though both were engaged in an illegal act, and at page 318 it is pertinently stated: *"But a person does not become an outlaw and lose all rights by doing an illegal act."* (Emphasis supplied). The Supreme Court granted certiorari in the *Gaines* case, and affirmed this court in *Wolcott v. Gaines,* 225 Ga. 373 (169 SE2d 165).

Additionally, in this case, the jury could have concluded that the rabbit hunting had ceased, because defendant was deliberately trying to dislodge plaintiff from the front fender of the car, by running at a high rate of speed, not responding to the hollered requests to slow down, and when the high speed did not dislodge him, deliberately "slamming on," the brakes, which threw plaintiff into the road.

The lower court did not err in refusing to charge defendant's written request, or otherwise instruct the jury, that the court will not lend its assistance to a party seeking to recover of another with whom he is engaged in an illegal enterprise.

4. The jury, after deliberating for awhile, returned to the

courtroom and stated to the court: "We would like to ask does the defendant — does he have insurance and what kind and how much — that we may look at it." The trial judge promptly and tersely replied: "You may not." This as effectively squelched the question of insurance as would have the court's acceding to request of defendant's counsel to instruct the jury that the existence or non-existence of insurance was not relevant and could not be considered in the course of the jury's deliberations. There was no error in failing to instruct the jury in the language requested by the defendant; nor in failing to grant his motion for mistrial, premised on the allegedly improper conduct of the jury in this connection.

5. The jury's verdict was as follows: "We the jury reach a verdict that Ted Adams, the defendant, was more careless than the plaintiff, James Lowell Smith, and the defendant should pay the sum of $5,000 to plaintiff."

Defendant moved for a mistrial because the verdict was not in proper form. It is clear that the jury rendered a verdict for plaintiff and against defendant for $5,000 and the remainder is mere surplusage and may be disregarded. See *Fraser v. Jarrett,* 153 Ga. 441 (7) (112 SE 487); *Patterson v. Fountain,* 188 Ga. 473 (1) (4 SE2d 38). Presumptions favor the validity of verdicts and a construction, if possible, will be given which will uphold them. If ambiguous and susceptible of two constructions, that construction which would uphold the verdict is to be applied. *Haughton v. Judsen,* 116 Ga. App. 308, 310 (157 SE2d 297).

Further, if defendant was dissatisfied with the form of verdict, a motion for mistrial was not the proper way to correct the error; in such case it is necessary to move the court to direct the jury to return to the jury room and render a verdict in the proper form. *Tift v. Towns,* 63 Ga. 237 (5); *Denham v. Shellman Grain Elevator,* 123 Ga. App. 569 (5) (181 SE2d 894).

6. No error was committed by the trial court in its failure to direct a verdict for defendant, based upon the contention that plaintiff and defendant were engaged in an illegal enterprise at the time of the injuries. (See discussion in Division 3 above.) In his motion for judgment notwithstanding the verdict, and in his brief, defendant seeks to enlarge on his motion for directed verdict, by adding that such recovery cannot be had merely upon proof of "carelessness" by the defendant. Pretermitting the soundness of this contention, "carelessness" was not mentioned in the motion for directed verdict, and could not thereafter be added into the

motion for judgment notwithstanding the verdict, nor in the brief before this court. Code Ann. § 81A-150 (b) (§ 50, CPA; Ga.L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248) requires that the motion for judgment notwithstanding the verdict be made "in accordance with his motion for directed verdict." *Turk v. Jackson Electric Membership Corp.,* 117 Ga. App. 631 (1) (161 SE2d 430).

7. Defendant complains because the trial judge did not instruct the jury that plaintiff could not recover unless he proved wilful and wanton negligence against defendant. The transcript shows (T. 107) that the trial judge charged as follows: "For plaintiff to recover in this case it would be necessary for you to find that defendant is guilty of gross negligence proximately causing defendant's injuries. Gross negligence is equivalent to failure to exercise even slight degree of care. It is materially more want of care than constitutes simple inadvertence. *It is an act of omission respecting legal duties of an aggravating character* as distinguished from a mere failure to exercise ordinary care. *It is very great negligence or the absence of slight diligence or the want of even scant care."* (Emphasis supplied). In *Frye v. Pyron,* 51 Ga. App. 613 (3), supra, it is held: "Gross negligence and wilful and wanton negligence are equivalent when the allegations of fact set up in the petition show 'that entire absence of care which would raise the presumption of conscious indifference . . .' "

Further, as we have heretofore set forth in Division 2, the jury could have concluded that only *simple negligence* had to be proven after plaintiff hollered to defendant to slow down, and defendant heard, but did not heed the request, and the charge insisted upon by defendant was therefore incorrect.

8. Defendant complains because the trial judge did not charge in the exact language of his written request, that the jury would not be authorized to find against defendant *merely* because he failed to exercise that degree of care which could have prevented injury to appellee.

First of all, this language was argumentative, and the trial court is never required to charge a request which is argumentative. The requested language suggests that the only negligence of defendant was his failure to exercise care which would have prevented injury to plaintiff, whereas the evidence could have been construed to mean that defendant deliberately inflicted injuries upon plaintiff. *Moon v. Kimberly,* 116 Ga. App. 74, 75 (156 SE2d 414). It is true that the language is found substantially in *Richardson v. Pollard,* 57 Ga. App. 777, 778, 781 (196 SE 199),

but there it was illustrating a principle of law, and was not approved as proper language to be given in a charge to the jury. *Stull v. State,* 230 Ga. 99, 104 (4) (196 SE2d 7); *Fitzpatrick v. Jim Clay Ford, Inc.,* 126 Ga. App. 58 (1), 59 (189 SE2d 876); *Bailey v. Todd,* 126 Ga. App. 731, 735 (191 SE2d 547).

Further, the present rule is that if the trial judge substantially covers the requested charge, though not in the exact language requested, no error can be successfully assigned as to such failure to charge. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905). Here the judge charged: "For plaintiff to recover in this case it would be necessary for you to find that the defendant is guilty of gross negligence proximately causing defendant's injuries. . . If you should find the plaintiff could have avoided the injury to himself by the exercise of ordinary diligence he cannot recover. If you find from the evidence that the plaintiff in this case was himself guilty of lack of ordinary care in riding on the front of defendant's automobile at the time of the accident, he cannot recover for injuries sustained by the ordinary negligence of defendant if you find that defendant was negligent." The foregoing language amply covers the proposition advanced by defendant in his request to charge.

9. Complaint is made that the trial judge gave to the jury two standards of negligence, which was confusing. But a reading of the entire charge shows, that while the trial judge charged as to and defined the various degrees of negligence, it was made very plain to the jury that plaintiff could not recover unless he proved *gross negligence* against defendant. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall . . . " *Brown v. Mathews,* 79 Ga. 1 (1) (4 SE 13).

Further, the defendant was favored by this language if it could be said that the jury felt that ordinary (simple) negligence and gross negligence were to be considered. As we have previously pointed out in Division 2, it may be that simple negligence only was required to be proven in order for plaintiff to recover. One cannot complain of that which is favorable to him. See *Scott v. Gillis,* 202 Ga. 220, 227 (43 SE2d 95). Actually, two degrees of negligence were involved in this case. Gross negligence was required to be proven against defendant, *unless* the jury believed the request

to slow down the speed of the car changed the relationship of the parties so as, thereafter, to require simple negligence only.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

Argued July 9, 1973 — Decided September 5, 1973 — Rehearing denied October 9, 1973 —

*Sharpe, Hartley & Newton, W. Ward Newton,* for appellant.

*Farrar & Farrar, Curtis Farrar,* for appellee.

On Motion for Rehearing.

Appellant urges that this court has not given proper consideration to his contention that plaintiff in this case cannot recover because at the time of his injury he was engaged in an illegal enterprise, to wit, hunting rabbits at night from an automobile. We considered this contention thoroughly and pointed out that the evidence was sufficient to show that plaintiff was being transported against his will at the time he was thrown from the car, as he had requested defendant to reduce speed; that defendant heard his requests but continued at the greater speed for about 500 yards and then applied ("slammed on") the brakes, throwing plaintiff into the road where the car ran over him; that plaintiff asked defendant not to back the car over him, but defendant did so, despite the requests from plaintiff.

Appellant cites *DeWinne v. Waldrep,* 101 Ga. App. 570 (114 SE2d 455), but that case was not decided on the illegal enterprise of hunting deer from a truck in violation of a Texas statute, but on plaintiff's negligence respecting the way and manner he was standing in the pickup truck as it traveled across an open field at 30 miles per hour. There was no request for defendant to reduce speed, and no conduct on defendant's part that could be accounted as wilful and wanton negligence. In the case sub judice, if the jury decided defendant's conduct was equivalent to wilful and wanton negligence, then no quantum of negligence on plaintiff's part could have aided the defendant. See *Roberts v. King,* 102 Ga. App. 518, 520 (116 SE2d 885), and cases cited there. From the way defendant in the instant case ran the car for 500 yards at high speed and then slammed on the brakes, the jury very well could have concluded that he was *trying to throw plaintiff off the front of the car.*

Appellant urges that *Gaines v. Wolcott,* 119 Ga. App. 313 (167 SE2d 366), where a woman upon whom an illegal abortion was performed, was allowed to recover of the person performing the abortion, is not applicable, because under Georgia statute the

female does not violate the law when an abortion is performed upon her. But this authority, at page 315, holds: "Furthermore, even if the plaintiff's participation in the transaction were illegal, it was not a contributing cause of her injuries, such as is required to bar her recovery. *Hughes v. Atlanta Steel Co.*, 136 Ga. 511 (71 SE 728) '. . . The theory upon which an injured party is debarred of a right to recover when injured while engaged in the performance of an illegal or criminal act, rests, not upon the ground that he is performing an illegal or criminal act, either alone or jointly with the defendant, *but upon the ground that his conduct is negligent and is the proximate cause of his injury. Even though negligence might be shown as a matter of law, the question of proximate cause may still be one for the jury.' Schofeld v. Hatfield,* 25 Ga. App. 513, 514 (103 SE 732)." (Emphasis supplied.)

Thus, it is seen that this type of case is decided finally, not upon whether the injured party is committing an illegal act, but upon whether his conduct is negligent and is the proximate cause of the injury. We repeat that the jury here could have determined that the rabbit hunting was at an end and now a game of trying to throw plaintiff from the car was in operation.